A02A0975, A02A0976. DAKER v. THE STATE (two cases).
(570 SE2d 704)
PER CURIAM.
These are the seventh and eighth appeals filed by Waseem Daker following his conviction on two counts of aggravated stalking.[1] In Case No. A02A0975 Daker challenges the trial court's denial of his motion for an out-of-time appeal from an order authorizing the release of certain psychiatric records, and in Case No. A02A0976 he challenges the trial court's order denying his motion to disqualify the Cobb County District Attorney's Office. We discern no error and affirm.

---

[8] Id. at 714.
[9] Id.
[1] For prior appeals, see *Daker v. State*, 243 Ga. App. 848 (533 SE2d 393) (2000) (three cases); *Daker v. State*, 248 Ga. App. 657 (548 SE2d 354) (2001); *Daker v. Weathers*, Case No. A00D0325 (Ga. Ct. App., decided May 2000) (discretionary appeal denied); *Daker v. State*, Case No. A02A0974 (Ga. Ct. App., appeal withdrawn February 2002).

The underlying facts (set forth in Daker's direct appeal from his convictions; see *Daker v. State*, 243 Ga. App. 848-849 (533 SE2d 393) (2000)), are largely irrelevant to his current appeals. The relevant undisputed facts indicate that, following Daker's convictions, the trial court ordered a presentence investigation to be conducted. A probation officer with the Department of Corrections contacted Daker, requesting that Daker sign a waiver that would allow the officer to obtain Daker's psychiatric records. After consulting with his attorney, Daker signed various waivers with the understanding that the records would only be used for the presentence investigation.

The Cobb County Assistant District Attorney moved for a copy of the psychiatric records, and the trial court granted this motion, unsealing the records to make copies for the defense and the prosecution, and allowing the documents to be released to the Department of Corrections and to the State Board of Pardons and Paroles. In his original appeal, Daker raised the issue that the trial court erroneously unsealed documents that were used in the presentence investigation. See *Daker*, supra at 855 (20). This court did not consider the issue, as Daker failed to identify where the waivers could be found in the record. Id. Daker nevertheless then filed a motion for an out-of-time appeal to challenge the trial court's 1997 order unsealing the documents. The trial court denied this motion.

Daker then filed a civil lawsuit against the assistant district attorney, the Department of Corrections, and the State Board of Pardons and Paroles, seeking damages for disclosure and an injunction to prevent further disclosure. Based on the filing of this civil lawsuit, Daker filed a motion to disqualify the Cobb County District Attorney's Office from this case. The trial court denied this motion.

### Case No. A02A0975

Daker argues that the trial court erred by denying his motion for an out-of-time appeal to challenge the court's 1997 order that authorized the release of his psychiatric records. However, Daker ignores the fact that he already argued in his first appeal that the trial court erroneously unsealed the documents that were used in the presentence investigation. See *Daker*, supra. Since Daker already waived this issue by failing to identify the location of the relevant signed releases in the record of his first appeal, we cannot reconsider this issue now. See *Willingham v. State*, 241 Ga. App. 509 (1) (527 SE2d 232) (1999) (error waived in prior appeal could not be addressed again in subsequent appeal); see also *Parker v. State*, 229 Ga. App. 217, 218 (2) (493 SE2d 558) (1997) (when issue decided adversely to appellant in prior appeal, relitigation is precluded by res judicata). The trial court did not err by failing to grant an out-of-time

appeal to Daker based on an issue that had already been decided adversely to him in a prior appeal.

### Case No. A02A0976

We find no merit to Daker's contention that his filing of a lawsuit against the Cobb County District Attorney's Office somehow creates a conflict of interest that disqualifies that office from this case. The Supreme Court of Georgia has held that no error is committed "by denying the defendant's motion to disqualify the district attorney for conflict of interest where the only conflict of interest alleged [is] that the district attorney might be civilly liable to the defendant. . . ." (Citation omitted.) *Moon v. State*, 258 Ga. 748, 752 (2) (e) (375 SE2d 442) (1988), cert. denied, 499 U. S. 982 (111 SC 1638, 113 LE2d 733) (1991). The trial court did not err in denying Daker's motion.
*Judgments affirmed. All Judges concur.*

DECIDED SEPTEMBER 5, 2002.

Waseem A. Daker, *pro se.*
Patrick H. Head, *District Attorney*, Amy H. McChesney, W. Thomas Weathers III, *Assistant District Attorneys*, for appellee.