S05A1300. DAKER v. WILLIAMS.

(621 SE2d 449)

MELTON, Justice.

Following the denial of his petition for writ of habeas corpus, Waseem Daker appeals, contending that his conviction by a jury for aggravated stalking is void because, prior to the time that a final judgment was entered on his conviction, the General Assembly repealed and amended the underlying criminal statutes, OCGA §§ 16-5-90 and 16-5-91, without including a savings clause. The actions for which Daker was originally indicted, however, were not decriminalized by the statutory amendment, and, concomitantly, his conviction for aggravated stalking was not abated and did not become void. Therefore, we affirm.

The record shows that, on November 9, 1995, Daker was indicted for two counts of aggravated stalking. Counts 1 and 2 state that

---

Daker "did unlawfully in violation of a condition of pretrial release, contact Loretta Spencer-Blatz at her home without her consent for the purpose of harassing and intimidating [her]." Count 1 regards Daker's conduct on October 14, 1995, and Count 2 relates to actions taken on October 20, 1995. Following a jury trial on September 19, 1996, Daker was convicted on both counts. Thereafter, Daker filed a motion for new trial which was denied on June 21, 1999, and a direct appeal in which the judgments against Daker were affirmed on April 11, 2000. *Daker v. State*, 243 Ga. App. 848 (533 SE2d 393) (2000). Daker then pursued an out-of-time appeal, which the trial court properly denied. *Daker v. State*, 257 Ga. App. 280 (570 SE2d 704) (2002). On January 3, 2003, Daker brought the habeas corpus action which is the subject of this appeal.

It is undisputed that in 1998, prior to the time that Daker had exhausted the appellate process and his convictions had become final, the General Assembly repealed and amended the statute setting forth the crime of aggravated stalking. Prior to the 1998 amendment, OCGA § 16-5-91 (a) provided:

> A person commits the offense of aggravated stalking when such person, in violation of a temporary restraining order, preliminary injunction, or permanent injunction or condition of pretrial release, condition of probation, or condition of parole in effect prohibiting the behavior described in this subsection, follows, places under surveillance, or contacts another person at or about a place or places without the consent of the other person for the purpose of harassing and intimidating the other person.

In turn, OCGA § 16-5-90 (a) provided the following pertinent definitions:

> For the purpose of this article, the term "place or places" shall include any public or private property occupied by the victim other than the residence of the defendant. For the purposes of this article, the term "harassing and intimidating" means a knowing and willful course of conduct directed at a specific person which causes emotional distress by placing such person in reasonable fear of death or bodily harm to himself or herself or to a member of his or her immediate family, and which serves no legitimate purpose.

In 1998, both of these Code sections were revised. OCGA § 16-5-91 (a) was amended to read:

A person commits the offense of aggravated stalking when such person, in violation of a bond to keep the peace posted pursuant to Code Section 17-6-110, temporary restraining order, temporary protective order, permanent restraining order, permanent protective order, preliminary injunction, good behavior bond, or permanent injunction or condition of pretrial release, condition of probation, or condition of parole in effect prohibiting the behavior described in this subsection, follows, places under surveillance, or contacts another person at or about a place or places without the consent of the other person for the purpose of harassing and intimidating the other person.

In turn, the relevant definitions in OCGA § 16-5-90 (a) were revised to state:

For the purpose of this article, the term "place or places" shall include any public or private property occupied by the victim other than the residence of the defendant. For the purposes of this article, the term "harassing and intimidating" means a knowing and willful course of conduct directed at a specific person which causes emotional distress by placing such person in reasonable fear for such person's safety or the safety of a member of his or her immediate family, by establishing a pattern of harassing and intimidating behavior, and which serves no legitimate purpose.

Daker contends that these amendments abated his prosecution and voided his conviction.[1] We disagree.

In general, "[w]hen a statute making described conduct a crime is repealed prior to final judgment on a conviction, the repeal ends the prosecution if the legislature has not provided otherwise in a saving clause." *Robinson v. State*, 256 Ga. 564, 565 (350 SE2d 464) (1986). See also *Gonzalez v. Abbott*, 262 Ga. 671 (425 SE2d 272) (1993); *Bassett v. Lemacks*, 258 Ga. 367 (370 SE2d 146) (1988).[2] In other

---

[1] Although Daker also contends that the habeas court erred by stating that his argument that his conviction was void was untimely pursuant to OCGA § 9-14-48, the habeas court, nonetheless, did consider Daker's argument on its merits. Accordingly, we pretermit Daker's arguments regarding procedure and focus, instead, on his substantive claims.

[2] In each of these cases, the defendant was indicted for trafficking by possessing 28 grams or more of a mixture containing cocaine. At the time of the indictment, OCGA § 16-13-31 criminalized this activity. Before each of the defendants received a final judgment on his conviction, the Code section was revised to criminalize possession of 28 grams or more of cocaine, removing any reference to a mixture. No savings clause was included in the revision. As such, the actions for which each defendant was originally indicted no longer constituted a

words, if, due to a statutory amendment prior to the entry of a final judgment on a conviction, the actions for which a defendant was indicted no longer constitute a crime, the prior conviction is abated in the absence of a savings clause providing otherwise. On the other hand, a prosecution may continue towards a final disposition where the actions for which the defendant was indicted were not decriminalized by the subsequent statutory amendment. A conviction may stand if it was authorized under both the original definition of the crime and the revised definition contained in the statutory amendment. See *Nichols v. State*, 186 Ga. App. 314, 317 (3) (367 SE2d 266) (1988).

Daker was indicted for twice contacting Spencer-Blatz at her home in violation of a condition for pretrial release without her consent and for the purpose of harassing and intimidating her. This activity was a crime under the old version of the statute. Under the amended statute, aggravated stalking is committed when a person, "in violation of . . . a condition of pretrial release . . . contacts another person at or about a place or places without the consent of the other person for the purpose of harassing and intimidating the other person." That is exactly what Daker was indicted for doing, and, as such, the activity for which Daker was indicted and convicted remained a crime both before and after the amendment of the statute. Nonetheless, Daker contends that, under the amended definition of "harassing and intimidating," his indicted actions could not be considered to constitute a "knowing and willful course of conduct" against Spencer-Blatz which placed her in reasonable fear "by establishing a pattern of harassing and intimidating behavior." To the contrary, Daker's indictment referenced two related instances of stalking behavior against Spencer-Blatz occurring within the space of a single week. These acts evinced a pattern of prohibited behavior criminalized by the amended statutes.

In addition, Daker argues that, because the statute was altered after his trial was completed, the jury which convicted him was not and could not have been properly charged to consider whether his actions satisfied the amended statute's requirement of a "pattern of harassing and intimidating behavior." Contrary to Daker's contentions, however, this requirement added no new element of proof to the crime of aggravated stalking, as the prior version of the statute already required the State to prove a "knowing and willful course of conduct." A "course of conduct" refers to a series of successive actions, and, as such, is equivalent to a "pattern of behavior." Accordingly,

---

crime following the statutory amendment, and the prosecutions were therefore abated.

Daker's argument that the jury was ultimately misled by a charge based on the prior statute has no effect on his ultimate conviction.

For all of the reasons given above, the trial court properly denied Daker's petition for writ of habeas corpus.

*Judgment affirmed. All the Justices concur.*

### DECIDED OCTOBER 24, 2005.

Waseem Daker, *pro se.*

*Thurbert E. Baker, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.