## A11A0191. HERVEY v. THE STATE.
### (707 SE2d 189)

MCFADDEN, Judge.

Eugenio Arturo Hervey was convicted of violating a family violence protective order and of criminal attempt to commit aggravated stalking. He appeals his conviction of criminal attempt to commit aggravated stalking. He argues that the evidence did not show a pattern of harassing and intimidating behavior as required by the aggravated stalking statute, OCGA § 16-5-91 (a). Because the evidence was sufficient to establish a pattern of harassing and intimidating behavior, we affirm the conviction.

Hervey was indicted for criminal attempt to commit aggravated stalking by going to his children's school on March 3, 2008, in violation of a family violence protective order. The indictment also alleged a violation of the protective order itself. After a jury returned a guilty verdict on both counts, the trial court merged the convictions and sentenced Hervey to serve five years in confinement. The court denied Hervey's motion for new trial, and he filed this appeal.

When reviewing a challenge to the sufficiency of the evidence used to support a conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Viewed in this light, the evidence shows that Hervey and Ingrid Hervey were married and had two children. The Herveys divorced in 2006. The divorce was contentious, and Ms. Hervey sought court and police protection on multiple occasions. Hervey repeatedly followed Ms. Hervey. He threatened many times to take the children to Panama, his home country, so that Ms. Hervey would never see them again.

The Herveys entered a consent, 12-month family violence protective order on March 5, 2007. On February 29, 2008, the court entered a permanent family violence protective order that, among other things, ordered Hervey to stay away from the children's school. Ms. Hervey gave the order to the school that afternoon when she picked up the children.

At lunchtime on March 3, 2008, the Monday following the entry of the protective order, Hervey went to the children's school to have lunch with them. Because of the protective order, the assistant principal told Hervey that he could not have lunch with the children and that he had to leave. The school administrative assistant called Ms. Hervey, who came to the school. When Ms. Hervey arrived, she was shaking, crying, and very upset. She testified that she was upset because of Hervey's prior threats to take the children to Panama.

OCGA § 16-5-91 (a) defines aggravated stalking as when a "person, in violation of a . . . permanent protective order . . . follows, places under surveillance, or contacts another person . . . without the consent of the other person for the purpose of harassing and intimidating the other person." Although the aggravated stalking statute does not define "harassing and intimidating," the phrase is defined in the simple stalking statute, OCGA § 16-5-90 (a) (1). See *State v. Burke*, 287 Ga. 377, 378 (695 SE2d 649) (2010). That statute defines "harassing and intimidating" as "a knowing and willful course of conduct directed at a specific person which causes emotional distress by placing such person in reasonable fear for such person's safety or the safety of a member of his or her immediate family." OCGA § 16-5-90 (a) (1).

Hervey contends that the evidence showed only a single violation of the protective order, which was legally insufficient to establish the required pattern of harassing and intimidating behavior. See *State v. Burke*, supra at 379 (court rejected state's argument that it need only prove a single violation of a protective order to establish aggravated stalking). On the contrary, Ms. Hervey testified that "many times" Hervey threatened to take the children to Panama so she would never see them again. Although she did not testify about the details of the threats, "[t]he jurors are the judges of credibility and weight of the evidence; they see and hear the witnesses and are better qualified to judge the reasonableness of a hypothesis or a

doubt than the appellate court." *Gentry v. State*, 215 Ga. App. 270 (1) (450 SE2d 304) (1994).

Ms. Hervey's testimony about the repeated threats, coupled with the violation of the protective order, was sufficient evidence for the jury to find that Hervey's behavior was harassing and intimidating. See *Daker v. Williams*, 279 Ga. 782, 785 (621 SE2d 449) (2005) ("*[T]wo* related instances of stalking behavior . . . evinced a pattern of prohibited behavior criminalized by the [stalking] statutes.") (emphasis supplied); *Davidson v. State*, 295 Ga. App. 702 (673 SE2d 91) (2009) (defendant's telephone call to victim in violation of probation condition prohibiting any contact coupled with his history of threats and actions that pre-dated the probation condition showed harassing and intimidating behavior sufficient to support aggravated stalking conviction). Consequently, viewed in the light most favorable to the jury's verdict, the evidence was sufficient to support the conviction of attempted aggravated stalking. See *Jackson v. Virginia*, supra.

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED MARCH 8, 2011.

*Sharon L. Hopkins*, for appellant.
*Daniel J. Porter, District Attorney, Dan W. Mayfield, Assistant District Attorney*, for appellee.