[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 10, 2011
JOHN LEY
CLERK

No. 10-15378
Non-Argument Calendar
_____

D.C. Docket No. 5:10-cr-00017-CAR-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANDRIEZ RAMON SPIVEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(August 10, 2011)

Before WILSON, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Mandriez Ramon Spivey appeals his sentence of 85 months of

imprisonment for possessing a firearm as a convicted felon. 18 U.S.C.

§§ 922(g)(1), 924(a)(2).  Spivey argues that the district court erroneously assigned him a base offense level of 24 based on the determination that his prior conviction for aggravated stalking qualified as a "crime of violence."  See United States Sentencing Guidelines Manual §§ 2K2.1(a)(2), 4B1.2(a)(2) (2010).  We affirm.

We review de novo whether a prior conviction is a crime of violence. United States v. Lockley, 632 F.3d 1238, 1240 (11th Cir. 2011).  To qualify as a crime of violence, the offense must "involve[] conduct that presents a serious potential risk of physical injury to another."  U.S.S.G. § 4B1.2(a)(2).  In Georgia, a defendant commits aggravated stalking when, in violation of a court order, he "follows, places under surveillance, or contacts [his victim] at or about a place or places without [her] consent . . . for the purpose of harassing and intimidating" her.  Ga. Code Ann. § 16-5-91(a).  The defendant "harasses and intimidates" by engaging in a "knowing and willful course of conduct" that causes the victim "emotional distress by placing [her] in reasonable fear for [her] safety."  Ga. Code Ann. § 16-5-90(a)(1); see State v. Burke, 287 Ga. 377, 378, 695 S.E.2d 649, 650 (2010) (applying definition of harassing and intimidating from stalking statute to conviction for aggravated stalking).  Because "'ambiguities in the [statute] make the crime of violence determination impossible from the face of the judgment itself,'" Lockley, 632 F.3d at 1240 (quoting United States v. Harris, 586 F.3d

1283, 1286 n.1 (11th Cir. 2009)), Spivey acknowledges that we may examine the facts of his conviction, see United States v. Beckles, 565 F.3d 832, 842–43 (11th Cir. 2009), which establish that he violated a protective order by traveling to his victim's house and threatening to kill her.

Spivey's prior conviction for aggravated stalking is a crime of violence. Spivey argues that aggravated stalking "does not necessarily create any sort of actual risk of physical injury," but section 4B1.2 requires only that the offense "present[] a serious potential risk of physical injury," U.S.S.G. § 4B1.2(a)(2) (emphasis added). The likelihood that Spivey's victim would suffer a physical injury is comparable in degree and kind to the risk created during a burglary. See James v. United States, 550 U.S. 192, 203, 127 S. Ct. 1586, 1594 (2007) (examining whether "the risk posed by [the crime in question] is comparable to that posed by its closest analog among the enumerated offenses"). A person bent on harassing and intimidating his victim notwithstanding a court order prohibiting contact with the victim creates "a heightened danger of violent confrontation." Lockley, 632 F.3d at 1245. Spivey acknowledges that the victim of a death threat may have a "very strong and reasonable fear of an impending use of force against [her]," but Spivey ignores that the circumstances of his offense escalated the risk of a melee. When approached at her home, a beleaguered victim of harassment

3

and intimidation might feel compelled to repel the harasser, which in turn could provoke the harasser to respond with force to any defiance or resistance. See James, 550 U.S. at 203, 127 S. Ct. at 1594 ("The main risk of burglary arises not from the simple physical act of wrongfully entering onto another's property, but rather from the possibility of a face-to-face confrontation between the burglar and a third party" such as "an occupant."). The district court did not err when it ruled that Spivey's prior conviction of aggravated stalking is a crime of violence under the residual clause of section 4B1.2(a)(2).

We **AFFIRM** Spivey's sentence.