# Court of Appeals
# of the State of Georgia

ATLANTA,   May 29, 2012

*The Court of Appeals hereby passes the following order:*

**A12A1366.  EUGENIO ARTURO HERVEY v. THE STATE.**

Eugenio Arturo Hervey pled guilty to aggravated stalking in 2007.  Hervey was sentenced as a first offender to serve five years, with twelve months to serve and the remainder on probation.  In 2009, Hervey's probation was revoked.  Hervey's conviction of attempted aggravated stalking, the crime that served as the basis for his probation revocation, was affirmed on appeal.  *Hervey v. State*, 308 Ga. App. 290 (707 SE2d 189) (2011).  Hervey subsequently filed a motion to correct or vacate the first offender sentence imposed in 2007, arguing that his sentence was void because the indictment was flawed and the evidence supporting the charge of attempted aggravated stalking was insufficient.  The trial court denied the motion, and Hervey appeals.

A direct appeal may lie from an order denying or dismissing a motion to correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence is void only when the trial court imposes punishment that the law does not allow.  *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002).  Hervey does not assert a valid void sentence argument in his motion.  A challenge to the validity of an indictment does not raise a valid void sentence claim. *Shelton v. State*, 307 Ga. App. 599, 603 (3) (b) (705 SE2d 699) (2011).  Accordingly, such a challenge cannot support a direct appeal. See *Reynolds v. State*, 272 Ga. App. 91 (611 SE2d 750) (2005).

For these reasons, we lack jurisdiction to consider Hervey's appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* 05/29/2012
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*