# Court of Appeals
# of the State of Georgia

ATLANTA,  January 30, 2013

*The Court of Appeals hereby passes the following order:*

## A13A0811.  EUGENIO ARTURO HERVEY v. THE STATE.

In 2009, Eugenio Arturo Hervey was convicted of criminal attempt to commit aggravated stalking.  We affirmed his conviction on appeal.  See *Hervey v. State*, 308 Ga. App. 290, 707 SE2d 189 (2011).  Subsequently, Hervey filed a pro se motion to set aside the judgment.  The trial court denied that motion on October 24, 2012. Hervey then moved for an extension of time to file a brief in support of his motion to set aside, and the trial court denied that motion on November 20, 2012. On December 3, 2012, Hervey filed a notice of appeal, seeking review of (1) the order denying his motion to set aside the judgment, and (2) the order denying his motion to extend the time to file a brief in support of that motion.  We lack jurisdiction.

As to the October 24, 2012, order denying Hervey's motion to set aside, we lack jurisdiction because Hervey filed his notice of appeal more than 30 days after that order was entered.  See OCGA § 5-6-38 (a); *Henderson v. State*, 265 Ga. 317 (1) (454 SE2d 458) (1995) ("[A] timely-filed notice of appeal is a jurisdictional prerequisite to a valid appeal.").  Hervey filed his notice of appeal on December 3, 2012, which was 40 days after the October 24 order was entered.

As to the November 20, 2012, order denying Hervey an extension of time to file a brief in support of his motion to set aside, we lack jurisdiction because that issue is moot.  "A motion is moot when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." (Punctuation omitted.)  *Carlock v. Kmart Corp.*, 227 Ga. App. 356, 361 (3) (a) (489 SE2d 99) (1997).  Hervey's motion to set aside had already been denied, so his request for additional time to brief that motion was moot.  His appeal from the denial

of that request is likewise moot and is, therefore, subject to dismissal. See OCGA § 5-6-48 (b) (3).

For these reasons, we lack jurisdiction over Hervey's appeal, and it is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,* 01/30/2013
     *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
     *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*