**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 15, 2023**

# In the Court of Appeals of Georgia

A23A0415. THE STATE v. SHOEMAKER.

HODGES, Judge.

In this appeal, the State asks us to decide whether a defendant, charged by accusation with a felony during the roughly one-year applicability of OCGA § 17-7-70.1 (a.1) (2021), must have been tried before subsection (a.1) was automatically repealed on June 30, 2022. The Superior Court of Athens-Clarke County determined that OCGA § 17-7-70.1 (a.1) (2021) did not allow defendants charged under its provisions to be tried after June 30, 2022 and dismissed a charge of possession of a firearm during the commission of a crime against Andrew Logan Shoemaker. For the following reasons, we reverse.

When questions of law are at issue, as here, we apply a de novo standard of review. See *Jordan v. State*, 322 Ga. App. 252, 255 (4) (a) (744 SE2d 447) (2013)

(noting that "the phrase 'plain legal error' should not be used to designate the de novo standard of review"); *State v. Brooks*, 301 Ga. App. 355, 356 (687 SE2d 631) (2009). So viewed, the record shows that, following issuance of a May 6, 2022 arrest warrant, the State charged Shoemaker with one count each of possession of marijuana with intent to distribute (OCGA § 16-13-30 (j)) ("Count 2") and possession of a firearm during the commission of a felony (OCGA § 16-11-106) ("Count 3") in a May 12, 2022 accusation.[1] Shoemaker entered a plea of not guilty at his June 16, 2022 arraignment and moved to dismiss Count 3 on July 5, 2022, arguing that a violation of OCGA § 16-11-106 could only be charged by indictment.

Following a hearing, the trial court agreed and granted Shoemaker's motion to dismiss. In reaching its decision, the trial court concluded that: (1) OCGA § 17-7-70.1 (a) (1) does not include possession of a firearm during the commission of a felony among the crimes that may be charged by accusation; (2) even though OCGA § 17-7-70.1 (a) allowed "the State . . . to accuse . . . Shoemaker of an offense ordinarily done by indictment," the State did not try Shoemaker in violation of the statutory mandate that defendants "shall be tried[;]" and (3) OCGA § 17-7-70.1 (a.1) (2021) did not

---

[1] Shoemaker waived a commitment hearing and received bond on the charges on May 11, 2022.

include a saving clause that would allow defendants accused before the June 30, 2022 repealer to be tried after that date. The State appeals pursuant to OCGA § 5-7-1 (a) (1).[2]

In a single enumeration of error, the State contends that the trial court erred by "interpreting [OCGA § 17-7-70.1 (a.1) (2021)] in service to a nonexistent 'constitutional right.'"[3] We agree that the trial court erred, and will address each segment of the State's argument in turn.

---

[2] The Court thanks the District Attorneys' Association of Georgia for offering an amicus curiae brief.

[3] As no constitutional issues were raised in Shoemaker's motion to dismiss or decided in the trial court's order, the gravamen of the State's argument seems to be that the trial court erred by viewing the application of OCGA § 17-7-70.1 (a.1) (2021) through the lens of the Fifth Amendment to the U. S. Constitution's statement that "no person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment of indictment of a Grand Jury. . . ." However, this presupposes reliance on a constitutional issue upon which there is no ruling by the trial court. "We are a court for the correction of errors of law committed by the trial court where proper exception is taken[.]" *Williams v. State*, 277 Ga. App. 106, 108 (2) (625 SE2d 509) (2005). Because constitutional issues were neither raised nor ruled upon by the trial court, this argument presents nothing for our review. See, e.g., *In the Interest of A. A.*, 253 Ga. App. 858, 862 (3) (560 SE2d 763) (2002) ("A constitutional issue . . . must be clearly raised in the trial court and distinctly ruled upon there. Contentions regarding a constitutional issue which were not made below are thus not passed upon here.") (citation and punctuation omitted).

In construing the statutes at issue here, we are guided by the following rules of construction:

> The ordinary signification shall be applied to all words. Where the language of a statute is plain and susceptible to only one natural and reasonable construction, courts must construe the statute accordingly. Criminal statutes are construed strictly against the State, they must be read according to the natural and obvious import of their language, and their operation should not be limited or extended by application of subtle and forced interpretations.

(Citation and punctuation omitted.) *Flakes v. State*, 365 Ga. App. 97, 98 (a) (877 SE2d 635) (2022). Furthermore, we must avoid "a statutory construction that will render some of the statutory language mere surplusage[.]" *Kennedy v. Carlton*, 294 Ga. 576, 578 (2) (757 SE2d 46) (2014). "Finally, in construing the statute so as to give effect to the legislative intent a mere segment of the statute should not be lifted out of context and construed without consideration of all the other parts of the statute." *City of Jesup v. Bennett*, 226 Ga. 606, 609 (2) (176 SE2d 81) (1970).

(a) *Pre-2021 OCGA § 17-7-70.1 (a) (2020)*. OCGA § 17-7-70.1 (a) (1) provided that "the district attorney shall have authority to prefer accusations, and . . . defendants shall be tried on such accusations according to the same rules of substantive and procedural laws relating to defendants who have been indicted by a

grand jury[,]" if the defendant is charged with certain felony crimes and either (1) has been "bound over to the superior court based on a finding of probable cause pursuant to a commitment hearing[;]" or (2) has "expressly or by operation of law waived a commitment hearing[.]" OCGA § 17-7-70.1 (a) (1) (A) - (E) (2020) listed the felony cases which were subject to this provision, primarily including crimes of theft, forgery, escape, and possession of a firearm by a convicted felon.[4]

(b) *Addition of OCGA § 17-7-70.1 (a.1) (2021)*. Relevant to this case, however, the General Assembly added subsection (a.1), which became effective on May 4, 2021, to OCGA § 17-7-70.1 and provided that

> [*n*]*otwithstanding any other law to the contrary*, the district attorney shall have authority to prefer accusations, and the accused shall be tried on such accusations according to the same rules of substantive and procedural laws relating to defendants who have been indicted by a grand jury for *any felony, other than a serious violent felony*, in which an accused has:
>
> (A) Been bound over to the superior court based on a finding of probable cause pursuant to a commitment hearing under Article 2 of this chapter;

---

[4] If our analysis ended here, the State's accusation against Shoemaker for possession of a firearm during the commission of a crime would be invalid, as it is not among the listed felony cases subject to OCGA § 17-7-70.1.

(B) Expressly or by operation of law waived a commitment hearing;

(C) Been released on bond pending a commitment hearing; or

(D) Been confined in jail for at least 45 days since his or her arrest, unless such time frame has been waived in writing by the accused.

(Emphasis supplied.) OCGA § 17-7-70.1 (a.1) (2) (2021). By its own terms, subsection (a.1) was repealed on June 30, 2022. See OCGA § 17-7-70.1 (a.1) (4) (2021).[5]

(c) *Post-2022 OCGA § 17-7-70.1 (a) (2023)*. Following the automatic repealer of OCGA § 17-7-70.1 (a.1) (2021), OCGA § 17-7-70.1 (a) remained in effect and again listed a series of felony cases — which did not include possession of a firearm during the commission of a crime — in which a district attorney could charge a defendant by accusation.

(d) *Analysis*. With this backdrop in mind, application of these statutes to the present case is relatively straightforward.

---

[5] Of note, OCGA § 17-7-70.1 (a) (2021) remained in force during the effectiveness of OCGA § 17-7-70.1 (a.1), adding various crimes involving controlled substances and marijuana as a category of felony cases in which a district attorney could charge a defendant by accusation. See OCGA § 17-7-70.1 (a) (1) (F).

6

(i) *District Attorney's Authority to Charge Shoemaker by Accusation with a Felony*. Prior to May 4, 2021, the State could not have charged Shoemaker by accusation with possession of a firearm during the commission of a crime, as it was not among the category of felony cases for which, under certain circumstances, "the district attorney shall have authority to prefer accusations[.]" See OCGA § 17-7-70.1 (a) (1) (A) - (E) (2020).

After OCGA § 17-7-70.1 (a.1) became effective on May 4, 2021, however, the listing of felony cases was no longer singularly controlling as, "[*n*]*otwithstanding any other law to the contrary*," district attorneys were granted limited "authority to prefer accusations, and the accused shall be tried on such accusations according to the *same rules of substantive and procedural laws relating to defendants who have been indicted by a grand jury for any felony*, other than a serious violent felony" if certain criteria are present, including when an accused has "[e]xpressly or by operation of law waived a commitment hearing[.]" (Emphasis supplied.) OCGA § 17-7-70.1 (a.1) (2), (2) (B) (2021). Once OCGA § 17-7-70.1 (a.1) (2021) was repealed effective June 30, 2022, OCGA § 17-7-70.1 (a) remained and included the listing of felony cases for which a district attorney could charge a defendant by accusation, rather than the more permissive "any felony" codified in OCGA § 17-7-70.1 (a.1) (2021).

At the outset, then, OCGA § 17-7-70.1 (a.1) (2021) clearly authorized the district attorney to charge Shoemaker with a felony by accusation at any point between May 4, 2021 and June 30, 2022.[6] Accordingly, the trial court erred in concluding that the district attorney could not charge Shoemaker with a felony by accusation because possession of a firearm during the commission of a crime "is excluded from [OCGA § 17-7-70.1 (a) (1) (A) - (E) (2020)]."

(ii) *Necessity of Trial Prior to June 30, 2022*. Once the district attorney's charging decision was issued pursuant to OCGA § 17-7-70.1 (a.1) (2021), and Shoemaker entered a plea of not guilty, Georgia law provided that Shoemaker "shall be tried on such [accusation] according to the same rules of substantive and

---

[6] Contrary to Shoemaker's argument, there is no conflict between OCGA § 17-7-70.1 (a.1) (2021) and OCGA § 17-7-70.1 (a) (2021) in terms of what felony cases could be charged by accusation. We first note that "the legislature is presumed to know the condition of the law and to enact statutes with reference to it[.]" (Citation and punctuation omitted.) *Williams v. State*, 299 Ga. 632, 634 (791 SE2d 55) (2016). Therefore, it is clear that the plain language of OCGA § 17-7-70.1 (a.1) (2021) authorized the district attorney's accusation in this case "because the provisions of the statute enacted latest in time carry greater weight[.]" (Citation and punctuation omitted.) Id. More importantly, OCGA § 17-7-70.1 (a.1) (2021) contains the clause that it applies "[n]otwithstanding any other law to the contrary," manifesting a legislative intent to allow accusation of any felony cases rather than the limited felony cases listed in OCGA § 17-7-70.1 (a) (2021). See id. ("a specific statute will prevail over a general statute, *absent any indication of a contrary legislative intent*") (citation and punctuation omitted; emphasis supplied). As a result, Shoemaker's arguments analyzing general and specific statutory provisions are inapposite.

procedural laws relating to defendants who have been indicted by a grand jury. . . ." OCGA § 17-7-70.1 (a.1) (2) (2021); see also OCGA § 17-7-70.1 (same); OCGA § 17-7-70.1 (2020) (same). As a result, through its multiple iterations over the past few years, this provision of OCGA § 17-7-70.1 has remained constant.

One such rule "of substantive and procedural" law provides that "[i]n those cases in which a plea of not guilty is entered, the court shall set the case down for trial at such time as shall be determined by the court." OCGA § 17-7-91 (b). Absent a speedy trial demand or other intervening factor, then, trial courts are afforded significant latitude in scheduling trials, as there are no deadlines or other prescribed dates by which a trial must occur. That being so, whether a defendant was charged with a felony by accusation pursuant to: (1) OCGA § 17-7-70.1 (a) on May 3, 2021; (2) OCGA § 17-7-70.1 (a.1) on May 16, 2022 (the date of Shoemaker's accusation); or (3) OCGA § 17-7-70.1 (a) on July 1, 2022 is irrelevant — in each case, the defendant must be "tried . . . according to the same rules of substantive and procedural laws relating to defendants who have been indicted by a grand jury[,]" including that the trial court, upon the defendant's entry of a not guilty plea, "shall set the case down for trial at such time as shall be determined by the court."

Therefore, the June 30, 2022 repealer of OCGA § 17-7-70.1 (a.1) (2021) does not mandate that a defendant *charged* within the effective dates of that statute must likewise be *tried* within the effective sates of that statute. To the contrary, the defendant must only be tried "at such time as shall be determined by the [trial] court." OCGA § 17-7-91 (b).[7] Once again, this principle has been consistent throughout the different versions of OCGA § 17-7-70.1. As a result, the trial court's conclusion that the State was required to try Shoemaker, within the time that OCGA § 17-7-70.1 (a.1) (2021) was in effect, was erroneous.

(iii) *Effect of Absence of Saving Clause.* As a general matter, "when a statute making described conduct a crime is repealed prior to final judgment on a conviction, the repeal ends the prosecution if the legislature has not provided otherwise in a saving clause." (Citation and punctuation omitted.) *Daker v. Williams*, 279 Ga. 782, 784 (621 SE2d 449) (2005); see also *Robinson v. State*, 256 Ga. 564, 565-566 (350 SE2d 464) (1986) (same). It is clear that versions of OCGA § 17-7-70.1 in force after the repeal of OCGA § 17-7-70.1 (a.1) (2021) do not include a savings clause.

---

[7] For these reasons, Shoemaker's argument that a case "must be tried prior to the 'sunset' of the law" is unavailing.

10

However, the absence of such a clause is of no concern, because no such provision was necessary to preserve Shoemaker's prosecution.

In *Daker* and *Robinson*, the defendants were charged with specific crimes that were modified or repealed before the defendants appeared for trial. In *Robinson*, the defendant was charged with trafficking in cocaine, but prior to trial, the General Assembly repealed a subsection of the trafficking statute and enacted in its place a new subsection that changed the definition of the crime. 256 Ga. at 564-565. As a result of the repeal of the old law and enactment of a new law without a saving clause, our Supreme Court noted that the defendant's "conduct was no longer defined by the legislature as trafficking in cocaine[.]" Id. at 566. Accordingly, the defendant's prosecution "was at an end before the trial." Id.

In contrast, the defendant in *Daker* was convicted of aggravated stalking, but the General Assembly amended the aggravated stalking statute while the defendant's conviction was on direct appeal. 279 Ga. at 782-783. The defendant contended that the amendment to the statute, which did not include a saving clause, voided his conviction. Id. at 782. Our Supreme Court disagreed, noting that "[a] conviction may stand if it was authorized under both the original definition of the crime and the revised definition contained in the statutory amendment" and that "the activity for

11

which [the defendant] was indicted and convicted remained a crime both before and after the amendment of the statute." Id. at 785.

Here, no saving clause was necessary. Violations of OCGA § 16-11-106 for possession of a firearm during the commission of a crime are the same both before and after June 30, 2022. Therefore, the activity with which Shoemaker was charged remained a crime both before and after June 30, 2022. See *Daker*, 279 Ga. at 785. Stated differently, nothing about the specific crime charged in this case changed. Compare *Robinson*, 256 Ga. at 565-566. Only the manner in which the crime was charged was altered, and there is no indication that a saving clause is necessary to preserve a prosecution under such circumstances. It follows that the trial court erred in granting Shoemaker's motion to dismiss on this basis.

In sum, OCGA § 17-7-70.1 (a.1) (2021) authorized the district attorney's May 16, 2022 accusation against Shoemaker for the felony of possession of a firearm during the commission of a crime. As with any other case, felony or misdemeanor, the trial court is empowered to "set the case down for trial at such time as shall be determined by the court" without any limitation, save for speedy trial demands which are not at issue in this case. See OCGA § 17-7-91 (b). Therefore, we conclude that the

trial court erred in dismissing Count 3 of the accusation against Shoemaker, and we reverse the trial court's judgment.

*Judgment reversed. Miller, P. J., and Mercier, J., concur*.