S09A0608. DAKER v. THE STATE.
(683 SE2d 594)

PER CURIAM.

In November 1995, a Cobb County grand jury indicted Daker for two counts of aggravated stalking. Daker was tried and convicted of the Cobb County charges in September 1996 and sentenced to ten years imprisonment. His conviction was affirmed by the Court of Appeals in *Daker v. State*, 243 Ga. App. 848 (533 SE2d 393) (2000).[1] After his conviction in Cobb County, a Fulton County grand jury returned an indictment in November 1996, charging Daker with stalking the same victim in that county. In 1998, Daker entered a plea in bar of autrefois convict concerning his Fulton County indictment. The plea was denied and the denial was affirmed by the Court of Appeals at *Daker v. State*, 248 Ga. App. 657 (548 SE2d 354) (2001), therein rejecting Daker's various double jeopardy arguments and ruling that the Cobb County conviction did not preclude Fulton County from prosecuting Daker. The Fulton County indictment was

---

[1] This Court affirmed the denial of habeas relief concerning Daker's Cobb County convictions in *Daker v. Williams*, 279 Ga. 782 (621 SE2d 449) (2005).

subsequently moved to a dead docket as of November 2001. On December 2, 2004, Daker filed the instant habeas petition concerning the Fulton County indictment, alleging it violated his rights under the Double Jeopardy Clause and challenging the Court of Appeals' ruling in its 2001 decision. In 2005, while the instant habeas corpus action was pending, Daker completed his sentence for the Cobb County conviction and was released from prison. Daker has not been in the state's physical custody since 2005. On October 22, 2008, the habeas court dismissed the instant petition as lacking merit. We affirm.

"Habeas corpus relief is available when the petitioner is in physical custody, and when there are 'significant restraints on the petitioner's liberty other than physical custody.' *Hardison v. Martin*, 254 Ga. 719 (1) (334 SE2d 161) (1985)." *Farris v. Slaton*, 262 Ga. 713 (3) (425 SE2d 291) (1993). Daker is not in physical custody and has never been in physical custody for the Fulton County charges. Therefore, he cannot complain of any wrongful detention concerning those charges. Since Daker's Fulton County charges have been placed on a dead docket, they also do not impose any significant restraints on Daker's liberty. Id. (the mere pendency of criminal charges, or stigma therefrom, does not constitute a restraint of liberty for purposes of habeas corpus). Thus, the habeas court did not err when it dismissed appellant's habeas petition.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 28, 2009.

Waseem Daker, *pro se.*

Paul L. Howard, Jr., District Attorney, Lenny I. Krick, Bettieanne C. Hart, Assistant District Attorneys, for appellee.