A11A1322. MEDINA v. THE STATE.
(718 SE2d 323)

DOYLE, Judge.
Following a bench trial, Gustavo Valdez Medina appeals from his conviction of speeding[1] and driving without a driver's license.[2] Medina contends that the trial court erred by denying his constitu-

---

tional challenge to the licensing statute's requirement that he, an immigrant from Mexico, have a valid Georgia driver's license. For the reasons that follow, we affirm.[3]

Construed in favor of the verdict,[4] the evidence shows that a police officer observed Medina driving at a rate of 85 miles per hour in a 65-mile-per-hour speed zone on an interstate highway. The officer executed a traffic stop and asked for Medina's driver's license, but Medina did not produce a license or any other identification. The officer issued Medina citations for speeding and driving without a valid driver's license.

The State filed an accusation alleging the two offenses, and a bench trial was held. At the close of evidence, Medina moved for a directed verdict on the ground that the driver's license charge was unconstitutional.[5] Specifically, he argued that OCGA § 40-5-20, which requires all non-exempted drivers to have a valid driver's license issued under the Code chapter, violates the United States Constitution's Supremacy Clause because that Georgia Code section conflicts with the 1943 Convention on the Regulation of Inter-American Automotive Traffic,[6] an international treaty establishing certain foreign drivers' rights to drive in the signatory countries without obtaining a local license.

While considering this argument, the trial court stated that it believed it could not take judicial notice of the Convention absent a properly certified copy, and the court stated that Medina could not demonstrate that he had standing to make his challenge because he failed to show that he was "somebody that falls under the purview of this law and is being potentially harmed by this statute. I don't think we are there." Thus, the trial court denied Medina's motion for a directed verdict.

Medina appealed to the Supreme Court of Georgia based on the constitutional question, and that Court transferred the case to the Court of Appeals on the ground that the constitutional question was not addressed by the trial court, leaving only questions of law to be

---

[3] The State asserts that the appeal is moot in light of the short sentence and because Medina was removed from State custody for deportation. Nevertheless, due to the potential gravity of the issues raised in this case, we exercise our discretion to address the appeal. See *Chaplin v. State*, 141 Ga. App. 788, 790 (1) (234 SE2d 330) (1977) (courts have discretion to address the merits of cases rendered moot by the defendant's service of his sentence).

[4] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[5] Apparently, Medina previously had filed a written motion in recorder's court making the constitutional challenge, but the motion was not transferred to the state court, which held the bench trial.

[6] Convention on the Regulation of Inter-American Automotive Traffic, Dec. 31, 1943, 3 Bevans 865, 1943 U. S. T. LEXIS 185 (hereinafter the "Convention").

reviewed.[7]

We note as an initial matter that the trial court had authority to take judicial notice of the Convention, even though Medina merely presented the document as an exhibit in the trial court.[8] Therefore, to the extent it ruled otherwise, it erred. But this does not render its judgment fatally flawed because the trial court correctly ruled that Medina cannot demonstrate standing to make the asserted challenge to the statute.[9]

Medina's argument is premised on the terms of the Convention, which provides as follows, in relevant part:

> Every motor vehicle operator before admission to international traffic shall have such driving license as may be required by the laws of his [home jurisdiction] or such as may be issued by any political subdivision thereof having legal authority to issue driving licenses. . . . No operator shall be admitted to international travel who is less than 18 years of age. . . .
>
> Evidence of compliance with the conditions of this Convention shall entitle motor vehicles and motor vehicle operators to circulate on the highways of any of the Contracting [countries].[10]

Based on this language, Medina argues that because he had a valid Mexican driver's license (an untranslated copy of which was presented at the bench trial), he was entitled to drive on the roads of Georgia. Therefore, any further requirement in OCGA § 40-5-20 would conflict with the Convention and violate the Constitution's Supremacy Clause.[11]

Nevertheless, pretermitting the merits of this argument and the applicability of the Convention to Medina as an undocumented immigrant,[12] Medina's conduct in this case is not within the scope of

---

[7] See, e.g., *Marks v. State*, 280 Ga. 70, 74-75 (4) (623 SE2d 504) (2005) (declining to rule on constitutional question not resolved by the trial court).

[8] See *Camp v. Sellers & Co.*, 158 Ga. App. 646, 648 (2) (281 SE2d 621) (1981) ("By express command of the Constitution, it is the duty of the judges of every state to uphold and enforce treaties of the United States, anything in the constitution or laws of any state to the contrary notwithstanding. We therefore take it as established that judicial notice must be taken of a treaty and that it will predominate over any statutory provision of the State of Georgia.") (citation and punctuation omitted).

[9] See generally *Mathis v. State*, 279 Ga. 100, 102 (3) (a) (610 SE2d 62) (2005) (appellate courts "will affirm a trial court's ruling if it is right for any reason").

[10] Convention, art. VI-VII, 1943 U. S. T. LEXIS 185 at *3-*4.

[11] See, e.g., *Camp*, 158 Ga. App. at 648 (2) (a national treaty "will predominate over any statutory provision of the State of Georgia").

[12] See, e.g., *Diaz v. State*, 245 Ga. App. 380, 383 (4) (537 SE2d 784) (2000) (not addressing

that contemplated by the Convention. In addition to the language relied upon by Medina, the Convention also provides that "[a] special international driving license may be required for each operator admitted to circulation in any individual [country] party to this Convention, if the [country] so elects."[13] Georgia requires such a license for drivers with non-English licenses, and it is undisputed that Medina did not obtain such an international license.[14] Thus, he cannot demonstrate that he is in the class of drivers protected by the Convention.

Furthermore, the Convention also required Medina

> to show that the [Mexican] driver's license [he proffered] fulfilled the requirements of the laws of [Mexico], [and] that the driver's license was issued by a [Mexican] governmental agency that is authorized to issue such licenses. . . . [S]ince the license itself was the best evidence of its validity and, therefore, its compliance with Georgia law, it must show on its face that it was valid . . . and authorized [Medina] to drive the type or class of vehicle being driven. For lack of translation, the license showed [none of these require-ments].[15]

For this reason also, Medina cannot demonstrate his compliance with the Convention because his purported Mexican license was not translated.

"One whose own conduct may be constitutionally proscribed will not be heard to challenge a law because it may conceivably be applied unconstitutionally to others."[16] Medina's conduct fell outside the scope of that protected by the Convention, so there is no conflict presented between the Georgia licensing statute and conduct authorized by the Convention.[17] Thus, Medina cannot challenge OCGA § 40-5-20 based on its alleged inconsistency with the Convention, and the trial court did not err in denying Medina's motion for a directed

---

international driving treaty but holding that "[u]ndocumented aliens who have been living in Georgia for . . . years . . . are simply prohibited from driving if they cannot obtain a valid Georgia driver's license").

[13] Convention, art. XIII, 1943 U. S. T. LEXIS 185 at *9.

[14] See OCGA § 40-5-21 (a) (2) (exempting nonresidents having licenses in languages other than English if they have "a valid international driving permit which conforms to and has been issued in accordance with the provisions of the Convention on Road Traffic, or any similar such treaty . . . concerning driving privileges of nonresidents") (citation omitted).

[15] Rocha v. State, 250 Ga. App. 209, 211-212 (551 SE2d 82) (2001).

[16] (Punctuation omitted.) Dowis v. State, 243 Ga. App. 354, 355 (533 SE2d 434) (2000).

[17] See Schofield v. Hertz Corp., 201 Ga. App. 830, 832 (2) (412 SE2d 853) (1991) (the treaty supersedes Georgia's statutory provisions only to the extent the provisions conflict with the treaty).

verdict on this ground.

*Judgment affirmed. Ellington, C. J., and Miller, P. J., concur.*

DECIDED NOVEMBER 4, 2011.

*Taylor & Viers, Richard T. Taylor*, for appellant.
*Rosanna M. Szabo, Solicitor-General, Karen M. Seeley, Ramsey R. Magaro, Assistant Solicitors-General*, for appellee.