**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J, and BOGGS, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 22, 2015**

# In the Court of Appeals of Georgia

A15A1480. IN THE INTEREST OF B. L., a child.                    DO-056 C

A15A1481. IN THE INTEREST OF E. B., a child.                    DO-057 C

DOYLE, Chief Judge.

In the above-styled cases, two minor children appeal from the denial of their motions to dismiss delinquency petitions filed against them. The children argue that the juvenile court should have dismissed the petitions because during the pendency of their cases, they were confined in secure residential facilities longer than 30 days, which confinement exceeded the 30-day maximum disposition authorized under OCGA § 15-11-601 (b) (2). The two cases arise from similar facts and present the same legal issue, so we have consolidated them for review. For the reasons that follow, we affirm in each case.

*Case No. A15A1480*

1. On December 3, 2014, the State filed a delinquency petition alleging that B. L. had committed criminal trespass.[1] On January 6, 2015, a detention hearing was held, and the child was ordered detained for the purpose of "protect[ing] the person or property of others or of the child," and on January 7, 2015, the State filed a second petition alleging that B. L. committed the offenses of fleeing and attempting to elude,[2] driving without a license,[3] obstruction of a law enforcement officer,[4] entering a motor vehicle with intent to commit theft,[5] and theft by taking an automobile.[6]

On January 16, 2015, adjudication of the petition was resolved when B. L. admitted the allegations of obstruction and theft by taking, and the State dismissed the remaining allegations. B. L. remained in custody, and the juvenile court continued the proceedings disposition for 30 days.

---

[1] OCGA § 16-7-21 (b) (1).

[2] OCGA § 40-6-395 (a).

[3] OCGA § 40-5-20 (a).

[4] OCGA § 16-10-24 (a).

[5] OCGA § 16-8-18.

[6] OCGA § 16-8-2.

On January 28, 2015, B. L. moved to be released from restrictive custody by February 4, i.e., 30 days after his initial pre-adjudication detention. On February 6, 2015, B. L. remained in custody and moved to dismiss the petitions against him on the ground that he had already served 30 days in confinement as of February 4, which would be the maximum length of post-disposition confinement authorized under OCGA § 15-11-601 (b) (2).

On February 13, 2015, the juvenile court entered an order, nunc pro tunc February 4, 2015, ordering that B. L. be released from restrictive custody on February 15 and placed on house arrest pending his upcoming disposition hearing on February 20. On February 20, the juvenile court entered an order finding B. L. delinquent and placing him on probation without further confinement. On March 17, 2015, following a hearing, the juvenile court denied B. L.'s motion to dismiss the petition, reciting the above time line and concluding that "[d]etaining the juvenile after February 4, 2015, did not violate OCGA § 15-11-601." B. L. now appeals, enumerating this ruling as error.[7]

---

[7] The State argues that the appeals in both cases are moot because the juveniles have already been released from custody. But the juveniles appeal from the denial of their motions to dismiss the petition, which if successful would vacate the delinquency adjudications and disposition. This remedy bears on the juveniles' existing rights governed by the Juvenile Code because certain consequences can vary

OCGA § 15-11-601 authorizes the juvenile to enter certain orders following a disposition hearing for a juvenile found to have committed a delinquent act.[8] The orders are to be crafted in a way "best suited to [the] child's treatment, rehabilitation, and welfare,"[9] and may include, for example, participation in counseling,[10] pursuing a course of study in pursuit of a high school diploma or the equivalent,[11] performing community service,[12] or making restitution.[13] In addition, if a child commits an offense that would be a felony if committed by an adult, or if the child has a sufficient

---

depending on the juvenile's record of prior adjudications, such as the one before us. See, e.g., OCGA § 15-11-601 (a) (10) (B), (a) (11), (b) (1) (B). See also *Atlanta Gas Light Co. v. Ga. Public Svc. Comm.*, 206 Ga. App. 315, 316 (425 SE2d 340) (1992) ("A moot case is one which seeks to determine an abstract question which does not arise upon existing facts or rights.") (punctuation omitted). Accordingly, these cases are not moot.

[8] See OCGA § 15-11-601 (a).

[9] Id.

[10] See id. at (a) (2).

[11] See id. at (a) (5).

[12] See id. at (a) (6).

[13] See id. at (a) (7).

record of prior offenses, the juvenile "court may order such child to serve up to a maximum of 30 days in a secure residential facility."[14] Under subsection (c),

> [a]ny child ordered to a secure residential facility under subsection (b) of this Code section [as part of the disposition] and detained after the adjudication hearing in a secure residential facility or nonsecure residential facility pending placement in a secure residential facility shall be given credit for time served in a secure residential facility or nonsecure residential facility awaiting placement.

Likewise, under OCGA § 15-11-604 (a),

> [a] child adjudicated to have committed a delinquent act shall be given credit for each day spent in a secure residential facility . . . awaiting adjudication, pending disposition and in connection with and resulting from a court order entered in the proceedings for which the disposition was imposed. . . . Such credit shall be applied toward the child's disposition.

Here, B. L. was first detained on January 6, his adjudication occurred on January 16, he was ordered released to house arrest on February 15, and his disposition occurred on February 20, after which he was placed on probation without further confinement. Based on the 30-day maximum dispositional confinement in

---

[14] Id. at (b).

OCGA § 15-11-601 (b) and the credit due for time served in a secure residential facility before disposition, B. L. argues that his confinement past February 4 (for a total of 41 days) was unlawful.

> We begin our analysis . . . by recognizing that fundamental rules of statutory construction require us to construe a statute according to its terms, to give words their plain and ordinary meaning, and to look diligently for the intention of the General Assembly. Where the plain language of a statute is clear and susceptible of only one reasonable construction, we must construe the statute according to its terms.[15]

A close reading of each subsection demonstrates that despite the 41-day confinement, the juvenile court complied with the statutory limits relied upon by B. L. First, the juvenile court's disposition order did not include any confinement in a secure residential facility, so the 30-day confinement limit in subsection (b) was not directly implicated by the disposition order. Second, by its plain terms, the credit-for-time-served requirement in subsection (c) addresses dispositional confinement, not other confinement: "[a]ny child ordered to a secure residential facility under subsection (b) of this Code section [i.e., as part of a disposition] and detained after

---

[15] (Citations omitted.) *Atlanta Independent School Sys. v. Atlanta Neighborhood Charter School*, 293 Ga. 629, 631 (748 SE2d 884) (2013). See also OCGA § 1-3-1 (a) (construction of statutes generally).

6

the adjudication hearing in a secure residential facility . . . shall be given credit for time served in a secure residential facility . . . ." Thus, subsection (c) applies to dispositions of confinement for children detained after the adjudication hearing. Similarly, the credit for time served afforded by OCGA § 15-11-604 "shall be applied toward the child's disposition."[16]

Here, by contrast, B. L. was not ordered to a secure residential facility as part of his disposition; his confinement was entirely predispositional.[17] Thus, B. L.'s

_____

[16] OCGA § 15-11-604 (a).

[17] The confinement was based on sworn allegations of fleeing a vehicle stop, obstructing an officer, and felony automobile theft, and for the purposes of protecting "the person or property of others or of the said child." See OCGA §§ 15-11-500 ("If it appears from a filed affidavit or from sworn testimony before the court that the conduct, condition, or surroundings of an alleged delinquent child are endangering such child's health or welfare or those of others or that such child may abscond or be removed from the jurisdiction of the court or will not be brought before the court, notwithstanding the service of the summons, the court may endorse upon the summons an order that a law enforcement officer shall serve the summons and take such child into immediate custody and bring him or her forthwith before the court.") & OCGA § 15-11-503 (a) ("Restraints on the freedom of an alleged delinquent child prior to adjudication shall be imposed only when there is probable cause to believe that such child committed the act of which he or she is accused, that there is clear and convincing evidence that such child's freedom should be restrained, that no less restrictive alternatives will suffice, and that: (1) Such child's detention or care is required to reduce the likelihood that he or she may inflict serious bodily harm on others during the interim period; (2) Such child has a demonstrated pattern of theft or destruction of property such that detention is required to protect the property of others; (3) Such child's detention is necessary to secure his or her presence in court

7

disposition did not fail to account for any credit B. L. was due because his disposition did not include any confinement. Moreover, despite having continued B. L.'s disposition, the juvenile court ordered that B. L. be released within 30 days of his adjudication date, ensuring that his confinement would not extend past the earliest date the 30-day maximum disposition term would have elapsed. Under these circumstances, the juvenile court did not violate OCGA §§ 15-11-601 or 15-11-604, nor did it err by denying B. L.'s motion to dismiss the delinquency petition against him.

*Case No. A15A1481*

2. This case presents an identical challenge brought by E. B. under facts that do not differ materially from those analyzed in Case No. A15A1480. E. B. was taken into custody along with B. L. on January 6, 2015, and the State filed a delinquency petition alleging that E. B. had committed the same acts as B. L. (except driving without a license), and on January 15, the State filed an amended petition alleging that E. B. had committed acts amounting to burglary, possession of marijuana less than one ounce, theft by receiving a stolen pistol, possession of a firearm by an under

---

to protect the jurisdiction and processes of the court; or (4) An order for such child's detention has been made by the court.").

8

age person, and possession of a firearm as a convicted felon. On January 16, E. B.'s petitions were adjudicated; he admitted possessing marijuana, theft by receiving, and possession of a firearm; and the State dismissed the remaining counts. E. B.'s disposition was continued, and he remained in custody until February 15. Like B. L., E. B. moved to dismiss the petition on the ground that the length of his pre-disposition detention violated OCGA § 15-11-601. E. B. also appeals from the denial of that motion, and for the reasons stated in Case No. A15A1480, we affirm the juvenile court's judgment in this case.

*Judgments affirmed. Phipps, P. J., and Boggs, J., concur*.