**FIFTH DIVISION**
**PHIPPS, P. J.,**
**DILLARD and PETERSON, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 11, 2016**

# In the Court of Appeals of Georgia

A16A0191. JAYKO v. THE STATE.                    PE-006C

PETERSON, Judge.

Kara Jayko appeals a condition imposed on her sentence of ten years' probation. She argues that the sentencing court's prohibition on her ability to live with someone of the opposite sex for the duration of her probation violates her constitutional rights. But because it took ten years for her appeal to arrive at this Court, Jayko has already completed her sentence and is no longer subject to the challenged condition. Accordingly, she cannot benefit from any remedy we could offer on appeal and we must grant the State's motion to dismiss her appeal as moot.

In 2005, Jayko pleaded guilty to three counts of forgery and one count of false statements, and pleaded nolo contendere to two lesser charges. She was sentenced to ten years' probation for the forgery counts and lesser terms running concurrently for

the others. In her brief, Jayko asserts that during the sentencing hearing, the judge orally imposed as a condition of her probation a prohibition on living with someone of the opposite sex to whom she was neither married nor related.[1]

Jayko filed a notice of appeal on October 28, 2005. The clerk of superior court for Cherokee County transmitted the record on appeal to this Court on September 10, 2015. Jayko's sentence expired October 5, 2015. On appeal, Jayko challenges only the condition of her sentence prohibiting her from living with someone of the opposite sex.

Because Jayko has already completed her sentence and is no longer subject to the condition of probation she challenges, the State moved to dismiss the appeal as moot. Jayko does not dispute that she no longer requires a remedy, but argues that the precedent of this Court allows us to decide even moot cases when the issue to be decided is important.

Jayko misreads our precedent and the precedent of the Supreme Court of Georgia, which mandates dismissal of moot cases absent an applicable exception.

---

[1]This condition does not appear in the written sentencing order, and the record does not include a transcript of any sentencing hearing. Accordingly, the condition may well have not even applied. *See* OCGA § 42-8-34.1(a)(2) (special conditions of probation must be "identified in writing in the sentence"); *Harvey v. Meadows*, 280 Ga. 166, 169-70 (3) (626 SE2d 92) (2006) (same).

Mootness is "a jurisdictional matter." *Collins v. Lombard Corp.*, 270 Ga. 120, 122-23 (3) (508 SE2d 653) (1998). When the remedy sought in litigation no longer benefits the party seeking it, the case is moot and "must be dismissed." *Roberts v. Deal*, 290 Ga. 705, 707 (1) (723 SE2d 901) (2012); *see also Baca v. Baca*, 256 Ga. App. 514, 515-16 (1) (568 SE2d 746) (2002) ("mootness is a mandatory ground for dismissal").

Our precedent does not recognize a mootness exception in cases like this. Jayko points to *Medina v. State*, in which we exercised jurisdiction to hear a challenge to a conviction where the sentence had already expired. 312 Ga. App. 399, 400 n.3 (718 SE2d 323) (2011). And on first blush, that precedent appears to frame dismissal of moot cases as discretionary. *Medina*, 312 Ga. App. at 400 n.3 (characterizing Georgia Supreme Court decision in a parenthetical as granting courts "discretion to address the merits of cases rendered moot by the defendant's service of his sentence"); *accord Baker v. State*, 240 Ga. 431, 431-32 (241 SE2d 187) (1978) (dismissing as moot challenge to conviction and noting that "[a]lthough a court may exercise its discretion to decide a criminal case even after the sentence has been served, it is not bound to do so.") (internal citations omitted). But challenges to convictions brought after the expiration of a sentence may still afford meaningful relief for an appellant, while challenges brought only to sentence conditions cannot.

3

It has long been our precedent that we have jurisdiction to decide challenges to convictions brought by defendants who have completed their sentences, so that they "may seek to redress legal grievances flowing from allegedly void convictions and thereby hope to escape lifelong adverse collateral consequences." *Chaplin v. State*, 141 Ga. App. 788, 790 (1) (234 SE2d 330) (1977) (quoting *Parris v. State*, 232 Ga. 687, 691 (208 SE2d 493) (1974)). In other words, the appellant may still receive a remedy (relief from "lifelong adverse collateral consequences"), and thus those cases are not moot. *Rodriguez-Martinez v. State*, 243 Ga. App. 409, 410 (1) (533 SE2d 443) (2000) ("On account of these collateral consequences, the case is not moot.") (citation omitted).

Our decision in *Medina* was simply a direct application of that precedent in a case involving a challenge to a conviction. *Medina*, 312 Ga. App. at 400 n.3 (following *Chaplin* and characterizing it in a parenthetical as granting courts "discretion to address the merits of cases rendered moot by the defendant's service of his sentence"). And because *Medina* involved a challenge to a conviction, its holding is necessarily limited to that context. Although it is the province of the judiciary to say what the law is, *Rutter v. Rutter*, 316 Ga. App. 894, 896 (1) n.4 (730 SE2d 626) (2012) (Blackwell, J.), *rev'd on other grounds*, 294 Ga. 1 (749 SE2d 657)

4

(2013), the extent of that province is limited by the facts of the case before the court. Mootness is jurisdictional, we lack discretion to hear a moot case, and appeals are moot when the appellant will not benefit from any remedy sought on appeal.

Jayko's only challenge is to a sentence condition to which she is no longer subject. Because she is no longer subject to that condition, she would no longer benefit from relief from that condition; any adverse collateral consequences she might still experience flow not from the sentence condition but from her conviction, which she does not challenge here. Accordingly, her appeal is moot and must be dismissed. *Cf. Miller v. State*, 288 Ga. 153, 154 (702 SE2d 137) (2010) (vacating this Court's opinion affirming partial revocation of probation and concluding that the challenge to probation revocation was moot when the revocation was suspended and appellant had not shown adverse collateral consequences on the record).

Before dismissing the appeal, however, we must address the ten-year delay in the transmission of the record to this Court. This appeal is part of a number of cases recently transmitted to this Court by the Cherokee County Superior Court Clerk's Office in which court costs had remained unpaid. Before a case is transmitted to this Court, an appellant must pay the costs to prepare the record or file an affidavit of indigence certifying that he or she is unable to pay such costs. *See* OCGA § 15-6-80

5

("In *all* cases certified to the appellate courts, the costs for preparing the transcript of the record shall be paid by the appellant to the clerk before the same is transmitted unless the judge presiding over the case being appealed approves an affidavit submitted to the judge by the appellant certifying that the appellant is unable to pay such costs[.]") (emphasis added); *see also* OCGA § 9-15-2(a)(1).

In this case, trial counsel filed the notice of appeal on Jayko's behalf, but did not attach an affidavit of her indigence, causing the delay in the transmission of the record to this Court.[2] That delay effectively denied Jayko of her opportunity to appeal the condition she asserts was imposed on her sentence. Indeed, we might well have

---

[2]Jayko's counsel on appeal (also her counsel at the trial level over ten years ago), Lee Fitzpatrick, notes that the circuit defender's office in Cherokee County had a policy requiring defendants to request new counsel on appeal, and accordingly he did not follow Jayko's case once he filed the notice of appeal. Mr. Fitzpatrick does not state that he informed Jayko of the circuit defender's policy requiring her to seek new counsel on appeal, nor does he offer any reason why he did not obtain an affidavit of indigence from Jayko. Moreover, the record indicates that the order appointing Mr. Fitzpatrick specified that he would "remain appointed until relieved by order of the Superior Court and thereafter unless and until relieved by order of the Appellate Court." [R-44] The record contains no such order relieving him. We take this opportunity to remind the bar that, until appointed counsel is relieved of the appointment by order of a court, appointed counsel has a duty to continue representing a client, keep the client apprised about the status of the case, and fully inform the client of his or her appellate rights and requirements to pursue an appeal, including a client's obligations to perfect the record.

closely scrutinized the condition she challenges if we had the power to do so. But we do not. Her appeal is now moot, and we must dismiss it.

*Appeal dismissed. Phipps, P. J., and Dillard, J., concur.*