# Court of Appeals
# of the State of Georgia

ATLANTA, February 14, 2017

*The Court of Appeals hereby passes the following order:*

**A17A0967.  CALVIN THOMAS FURLOW v. THE STATE.**

In 1989, Calvin Furlow pled guilty as a first offender to violating the Georgia Controlled Substances Act, and the trial court imposed a sentence of three years of probation.  When Furlow subsequently violated the terms of his probation, the trial court revoked his probation and first offender status and sentenced him to two years in prison.

In 2015, Furlow filed a motion to vacate a void sentence, raising several challenges to his probation revocation proceedings.  The trial court dismissed Furlow's motion in an order entered on October 14, 2016.  On January 19, 2017, Furlow filed this direct appeal.[1]  Pretermitting whether any challenges to Furlow's sentence may be moot,[2] we lack jurisdiction for multiple reasons.

First, because the underlying subject matter of Furlow's appeal is the revocation of his first offender probation, he was required to file an application for discretionary appeal to obtain review in this Court.  See OCGA § 5-6-35 (a) (5); *Jones v. State*, 322 Ga. App. 269, n. 2 (745 SE2d 1) (2013); *Zamora v. State*, 226 Ga.

---

[1] Furlow's notice of appeal is dated October 26, 2016, but was not filed in the trial court until January 19, 2017.

[2] See *Jayko v. State*, 335 Ga. App. 684 (782 SE2d 788) (2016) (dismissing as moot appellate challenge to sentence because the entire sentence had been served).  It is unclear whether Furlow has served his prison sentence in this case.  It appears that he currently is incarcerated in federal prison in North Carolina.

App. 105 (485 SE2d 214) (1997). His failure to do so deprives us of jurisdiction over this appeal.

Second, even if Furlow had a right of direct appeal here, this appeal is untimely. A notice of appeal must be filed within 30 days of entry of the trial court order sought to be appealed. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *Rowland v. State*, 264 Ga. 872 (1) (452 SE2d 756) (1995). Furlow's notice of appeal is untimely, as it was filed 97 days after entry of the trial court's order.[3]

For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,  02/14/2017*
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[3] Even if we were to construe Furlow's earlier filed "Designation of Appellate Record" as a notice of appeal, it would still be untimely, as it was filed on November 29, 2016, 46 days after entry of the trial court's order.