# Court of Appeals
# of the State of Georgia

ATLANTA,  November 09, 2018

*The Court of Appeals hereby passes the following order:*

**A19A0609, A19A0610, A19A0611.   WASEEM DAKER v. THE STATE (three cases).**

In 1996, a jury found Waseem Daker guilty of two counts of aggravated stalking, and the trial court imposed a total sentence of ten years in prison.  We affirmed Daker's judgment of conviction on direct appeal.  *Daker v. State*, 243 Ga. App. 848 (533 SE2d 393) (2000).

In December 2012, Daker filed a motion for an out-of-time appeal and a motion to correct a void sentence. The trial court dismissed both motions in orders entered on August 8, 2013. Daker filed notices of appeal from both orders on September 3, 2013. Daker's appeal from the dismissal of his motion for an out-of-time appeal has been docketed in this Court as Case No. A19A0610; his appeal from the dismissal of his motion to correct a void sentence has been docketed in this Court as Case No. A19A0611.

In the interim, in March 2013, Daker filed a motion to recuse the trial court judge from all post-conviction proceedings. The trial court denied Daker's motion to recuse in an order entered on June 7, 2013. Daker's June 26, 2013 notice of appeal from that order has been docketed in this Court as Case No. A19A0609.  For the reasons that follow, we dismiss all three appeals.

*Case No. A19A0609*

When the trial court denied Daker's motion to recuse and when Daker filed his notice of appeal from that order, he had at least two motions pending before the trial court.  The denial of his motion to recuse, therefore, was a non-final order that did not resolve all issues in these proceedings.  See OCGA § 5-6-34 (b); *Ellis v. Stanford*, 256

Ga. App. 294, 295 (2) (568 SE2d 157) (2002) ("Denials of motions to recuse are interlocutory in nature."). Consequently, to seek appellate review of that order, Daker was required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b), including obtaining a certificate of immediate review from the trial court. See *Murphy v. Murphy*, 322 Ga. App. 829, 829-832 (747 SE2d 21) (2013); *Ellis*, 256 Ga. App. at 295 (2). His failure to do so deprives us of jurisdiction over his appeal from the denial of his motion to recuse. Therefore, Case No. A19A0609 is hereby DISMISSED for lack of jurisdiction.

### Case No. A19A0610

"An out-of-time appeal is a judicial creation that serves as the remedy for a frustrated right of appeal." *Kilgore v. State*, 325 Ga. App. 874, 875 (1) (756 SE2d 9) (2014) (punctuation omitted). Because Daker already has had a direct appeal, he is not entitled to an out-of-time appeal. See *Richards v. State*, 275 Ga. 190, 191 (563 SE2d 856) (2002) ("[T]here is no right to directly appeal the denial of a motion for out-of-time appeal filed by a criminal defendant whose conviction has been affirmed on direct appeal."); *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a defendant "is not entitled to another bite at the apple by way of a second appeal"). Accordingly, Case No. A19A0610 also is DISMISSED for lack of jurisdiction.

### Case No. A19A0611

After the trial court dismissed Daker's December 2012 motion to correct a void sentence, he filed both a direct appeal – now docketed as Case No. A19A0611 – and an application for discretionary review, which he directed to the Supreme Court. The Supreme Court transferred the discretionary application to this Court, where it was dismissed for failure to raise a colorable void-sentence claim. See *Daker v. State*, No. A14D0132 (Dec. 16, 2013). Because we rejected Daker's void-sentence claim in his prior application in Case No. A14D0132, his current appeal is barred by the law of the case. See *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) ("[A]ny issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court . . . .") (punctuation omitted); accord *Hook v. Bergen*, 286 Ga. App. 258, 261 (1) (649 SE2d 313) (2007) ("[T]he denial of an application for

discretionary appeal is an adjudication on the merits of the underlying order and acts as res judicata in subsequent proceedings."); *Jackson*, 273 Ga. at 320.

Regardless, Daker finished serving his prison sentence in this case in 2005.[1] See *Daker v. State*, 285 Ga. 735, 736 (683 SE2d 594) (2009). Consequently, any challenges he may have to his ten-year sentence are now moot. See *Jayko v. State*, 335 Ga. App. 684, 686 (782 SE2d 788) (2016) (dismissing as moot appellate challenge to sentence because the entire sentence had been served); accord *Jones v. Caldwell*, 231 Ga. 300, 300 (201 SE2d 478) (1973). "Mootness is a jurisdictional matter. When the remedy sought in litigation no longer benefits the party seeking it, the case is moot and must be dismissed." *Jayko*, 335 Ga. App. at 685 (citation and punctuation omitted). For each of these reasons, Case No. A19A0611 also is DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   11/09/2018*
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[1] Daker currently is serving a sentence of life plus 47 and one-half years in prison following his conviction for murder in a separate proceeding. See *Daker v. State*, 300 Ga. 74, 74, n. 1 (792 SE2d 382) (2016).