305 Ga. 820
FINAL COPY

S18G1338.  IN THE INTEREST OF M. F., a child.

BETHEL, Justice.

We granted certiorari in this case to address whether the Court of Appeals erred in dismissing as moot the appeal of a juvenile delinquency adjudication.

On May 11, 2017, the Juvenile Court of Richmond County entered an order of disposition finding M. F. delinquent for criminal attempt to enter an automobile and placing M. F. on probation for 12 months.  On May 31, 2017, M. F. filed his notice of appeal, and his case was docketed in the Court of Appeals on October 23, 2017.  On appeal, M. F. argued that the evidence was insufficient to support the juvenile court's adjudication of delinquency.  On May 11, 2018, M. F.'s probationary sentence concluded, and, on May 22, 2018, the Court of Appeals issued an order in which it declined to reach the merits of M. F.'s appeal, concluding that his case was moot because his probationary sentence had expired and because M. F.

"has not shown, on this record, any adverse collateral consequences arising from the juvenile court's adjudication of him as delinquent." For the reasons set forth below, we reverse the order of the Court of Appeals and remand the case for further proceedings.

"[M]ootness is an issue of jurisdiction and thus must be determined before a court addresses the merits of a claim." *Shelley v. Town of Tyrone*, 302 Ga. 297, 308 (3) (806 SE2d 535) (2017). When the resolution of a case would be tantamount to "the determination of an abstract question not arising upon existing facts or rights," then that case is moot. *Collins v. Lombard Corp.*, 270 Ga. 120, 121 (1) (508 SE2d 653) (1998); see also *Jayko v. State*, 335 Ga. App. 684, 685 (782 SE2d 788) (2016) ("When the remedy sought in litigation no longer benefits the party seeking it, the case is moot and must be dismissed." (citation and punctuation omitted)). Dismissal of moot cases is mandatory. See *Collins*, 270 Ga. at 121 (1).

However, we have recognized circumstances where cases that may appear to be moot are nonetheless viable due to the particular nature of the litigated issue. Specifically, in the criminal context,

apparent mootness can be defeated where "adverse collateral consequences continue to plague the affected party." *In the Interest of I. S.*, 278 Ga. 859, 862 (607 SE2d 546) (2005). Where a party challenges the legality of his conviction after his sentence has expired, collateral consequences are presumed if the party was convicted of a felony. See *Atkins v. Hopper*, 234 Ga. 330, 333 (2) (216 SE2d 89) (1975). On the other hand, a party convicted of a misdemeanor is required to demonstrate, in the record, adverse collateral consequences that have continued beyond the expiration of his sentence to show that his case is not moot. *Abebe v. State*, 304 Ga. 614, 615 (820 SE2d 678) (2018). Of course, M. F. was convicted of neither a felony nor a misdemeanor because his adjudication of delinquency is not a criminal conviction. See OCGA § 15-11-606.

The State urges this Court to treat adjudications of juvenile delinquency as it treats misdemeanor convictions and to require that a juvenile appealing his adjudication of delinquency demonstrate collateral consequences in the record. In support of its position, the State points to OCGA § 15-11-606, which provides that

"[a]n order of disposition or adjudication shall not be a conviction of a crime and shall not impose any civil disability ordinarily resulting from a conviction." But this argument ignores other consequences flowing from an adjudication of delinquency. Simply because a juvenile who has been adjudicated delinquent may later be able to vote, serve on a jury, lawfully possess a firearm, and say that he has not been convicted of a crime does not negate the fact that significant adverse collateral consequences inherently and unquestionably can flow from the adjudication.

As we held in *In the Interest of M. D. H.*, 300 Ga. 46, 48 n.2 (793 SE2d 49) (2016), an adjudication of delinquency "could affect [a juvenile] in later juvenile or criminal proceedings." See also *In the Interest of B. L.*, 333 Ga. App. 860, 861 n.7 (777 SE2d 705) (2015). For instance, juvenile courts are permitted to consider prior delinquency adjudications during sentencing. See OCGA § 15-11-601 (a) (directing a juvenile court to consider, among other things, the prior record of a child adjudicated delinquent when entering its disposition order). Prior adjudications permit a juvenile court to

treat a delinquent act as eligible for designated-felony status, even where the delinquent act would not ordinarily be treated as such. See OCGA § 15-11-2 (12) (K), (L); (13) (K), (O). Further, the Juvenile Code specifically provides that "the disposition of a child and evidence adduced in a hearing in the juvenile court" may be used against the child "in the establishment of conditions of bail, plea negotiations, and sentencing in criminal offenses." OCGA § 15-11-703. Similarly, the federal sentencing guidelines treat prior juvenile adjudications as aggravating factors for calculating a defendant's sentence in federal court. See United States Sentencing Commission Guidelines Manual § 4A1.2 (d) (2). And juvenile records, while closed to inspection by the general public, are available to various parties for a wide range of purposes. See OCGA §§ 15-11-703; 15-11-708.

Clearly, the consequences of a juvenile's adjudication of delinquency continue to reverberate even after the expiration of his

disposition. [1]  See *M. D. H.*, 300 Ga. at 48 n.2.  Accordingly, we hold that a juvenile who appeals his adjudication of delinquency is not required to show adverse collateral consequences in the record; such consequences will be presumed. [2]

Based on the foregoing, the Court of Appeals erred, and we reverse its order and remand this case for consideration on the merits.

Judgment reversed and case remanded.  All the Justices concur.

---

[1] Because we conclude the consequences discussed herein are sufficiently tangible and adverse to provide a presumption to juvenile defendants, we do not attempt to address the full list of consequences suggested by M. F. on appeal and argued to this Court by amicus curiae.

[2] On the other hand, where a juvenile challenges only the disposition of his adjudication of delinquency but the disposition order has expired, the case is moot.  See *In the Interest of E. B.*, 343 Ga. App. 823, 831 (806 SE2d 272) (2017); see also *Jayko*, 335 Ga. App. at 686 (same for challenges to completed felony sentences).

Decided May 20, 2019.

Certiorari to the Court of Appeals of Georgia.

Katherine M. Mason, Gregory J. Gelpi, Lucy D. Roth, for appellant.

Natalie S. Paine, District Attorney, Joshua B. Smith, Assistant District Attorney, for appellee.

DLA Piper LLP (US), Todd Noonan, Adam Steene, Thiru Vignarajah; Randee J. Waldman; Serena E. Holthe, amici curiae.