# Court of Appeals
# of the State of Georgia

ATLANTA,  June 02, 2021

*The Court of Appeals hereby passes the following order:*

**A21D0336. CONNIE PACK v. THE STATE.**

Connie Pack has filed this application for discretionary appeal from the trial court's order revoking her probation. From the sparse materials included with the application, it appears that Pack was convicted of shoplifting, that her sentence included a period of probation, and that she started serving her probated sentence on May 15, 2020.

At a probation revocation hearing on April 6, 2021, the solicitor alleged that Pack violated the terms of her probation by failing to pay fees and restitution as ordered by the court, and recommended that the court revoke the 39-day balance of her probation. Pack admitted at the hearing that she had not paid as ordered, stating that she had been unable to do so. Upon finding that Pack violated the payment condition of her probation, the trial court revoked her probation, requiring her to serve the remainder of her sentence in jail – "until May 15, 2021," at which time "this case will terminate" – and ordering her placed in the immediate custody of the sheriff. Pack filed this application on May 6, 2021, seeking review of the order revoking her probation.

"When the remedy sought in litigation no longer benefits the party seeking it, the case is moot and must be dismissed." *Jayko v. State*, 335 Ga. App. 684, 685 (782 SE2d 788) (2016) (punctuation omitted). While "challenges to convictions brought after the expiration of a sentence may still afford meaningful relief for an appellant, . . . challenges brought only to sentence conditions cannot." Id. Pack's only challenge is to a sentence condition to which she is no longer subject. Because Pack's sentence has expired by the very terms of the order she seeks to appeal, and she has not shown

on the record adverse collateral consequences flowing from the probation revocation, she has nothing to gain from the appeal. See id. Accordingly, her application for discretionary appeal must be dismissed as moot. See OCGA § 5-6-48 (b) (3); *Jayko*, 335 Ga. App. at 686; see also *Miller v. State*, 288 Ga. 153, 154 (702 SE2d 137) (2010) (vacating this Court's opinion affirming partial revocation of probation and concluding that the challenge to probation revocation was moot when the revocation was suspended and appellant had not shown adverse collateral consequences on the record).

The application for discretionary appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__06/02/2021_____*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.* Stephen E. Castlen _____