# Court of Appeals
# of the State of Georgia

ATLANTA,  July 27, 2023

*The Court of Appeals hereby passes the following order:*

**A23A0946. ROGER JOSEPH REINERT v. ELLEN MCELYEA et al.**

In January 2023, Roger Reinert, a prison inmate, filed this pro se petition for original mandamus in this Court against the Superior Court of Cherokee County and Judge Ellen McElyea. In his petition, Reinert states that he filed a mandamus petition in the superior court in July 2022 requesting that the judge rule on the "Motion to Vacate Void Sentence and Void Judgment" he filed in that court. Reinert asks this Court to compel the superior court to decide the mandamus petition he filed in that court as well as the motion to vacate void sentence and void judgment.[1] We lack jurisdiction.

"An appeal becomes moot if the rights insisted upon could not be enforced by a judicial determination." *Randolph County v. Johnson*, 282 Ga. 160 (1) (646 SE2d 261) (2007). "When the remedy sought in litigation no longer benefits the party seeking it, the case is moot and must be dismissed." *Jayko v. State*, 335 Ga. App. 684, 685 (782 SE2d 788) (2016) (citation and punctuation omitted). The superior court has entered an order denying Reinert's motion to vacate void sentence and void judgment, and Reinert has filed a direct appeal from that order. See Case No. A23A1590. Thus, the remedy Reinert sought in superior court by filing the mandamus petition (specifically, an order compelling that court to decide his motion to vacate void sentence and judgment) as well as the remedy sought in this Court by filing an

---

[1] Reinert has filed prior appeals. In Case No. A13A2271, this Court affirmed his convictions (Mar. 7, 2014). In Case No. A20A0492, we dismissed his direct appeal from the denial of his extraordinary motion for new trial (Nov. 7, 2019).

original mandamus petition (namely, an order compelling the superior court to decide his mandamus petition and his motion to vacate), would no longer benefit him, as the underlying motion has now been decided. Because the issue presented has become moot, this petition is subject to dismissal. See OCGA § 5-6-48 (b) (3).[2]

Accordingly, this petition is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  07/27/2023*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_Stephen E. Castlen_____, *Clerk.*

---

[2] Moreover, because Reinert is presently incarcerated, any such appeal is controlled by the Prison Litigation Reform Act, OCGA § 42-12-1 et seq., which requires any appeal in a civil case by a prisoner to come by discretionary application. See OCGA § 42-12-8.