# Court of Appeals
# of the State of Georgia

ATLANTA,  January 23, 2024

*The Court of Appeals hereby passes the following order:*

**A24A0752, A24A0753, A24A0754. CHRISTOPHER JEREMY BLAIR v. THE STATE.**

In 1997, Christopher Jeremy Blair pleaded guilty to burglary (Case No. A24A0752). In 2002, he pleaded guilty to possession of a firearm by first offender (Case No, A24A0754). In 2022, Blair entered a negotiated plea to receipt, possession, or transfer of a firearm by a convicted felon or felony first offender (Case No. A24A0753). In September 2023, Blair filed motions in each case. Underlying each motion is Blair's claim that pursuant to his 1997 plea agreement, he should have been sentenced to four years probation rather than five years, such that he should have already been discharged from that case and would no longer have been considered a first offender at the time the subsequent charges were filed in Case No. A24A0754. In Case No, A24A0752, Blair filed a motion to correct sentence. In Cases No. A24A0753 and A24A0754, Blair filed motions to vacate. The trial court entered a single order denying both the motion to correct sentence and the motions to vacate, and Blair has filed these three direct appeals. We lack jurisdiction.

As to his 1997 sentence, under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may only modify a void sentence. Id. And a direct appeal may lie from an order denying or dismissing a motion to vacate a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217,

n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).

A sentence is void only if it imposes punishment that the law does not allow. *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Here, even if Blair is correct that the State agreed to recommend four years on probation, and the trial court deviated from that recommendation, a trial judge has wide discretion to accept or reject a negotiated plea. *Torres-Toledo v. State*, 366 Ga. App. 526, 527 (1) (883 SE2d 545) (2023). And burglary is punishable by up to 20 years in prison. OCGA § 16-7-1 (b). Accordingly, Blair's sentence of five years on probation is not void, and Blair is not entitled to a direct appeal in Case No. A24A0752.[1]

With regard to Cases No. A24A0753 and A24A0754, a post-conviction motion seeking to vacate an allegedly void criminal conviction is not one of the established procedures for challenging the validity of a judgment in a criminal case, and an appeal from the trial court's ruling on such a petition should be dismissed. See *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). Blair's motions are improper collateral attacks on his convictions in Cases No. A24A0753 and A24A0754.

---

[1] Moreover, Blair has finished serving his sentence. Consequently, any challenges he may have to the sentence are now moot. See *Jayko v. State*, 335 Ga. App. 684, 686 (782 SE2d 788) (2016) (dismissing as moot appellate challenge to sentence because the entire sentence had been served); accord *Jones v. Caldwell*, 231 Ga. 300, 300 (201 SE2d 478) (1973). "Mootness is a jurisdictional matter. When the remedy sought in litigation no longer benefits the party seeking it, the case is moot and must be dismissed." *Jayko*, 335 Ga. App. at 685 (citation and punctuation omitted).

For these reasons, the appeals in Cases No. A24A0752, A24A0753, and A24A0754 are hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*C l e r k ' s     O f f i c e ,*

*Atlanta,___01/23/2024_____*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*