A04A0427. HUGHES v. GEORGIA DEPARTMENT OF CORRECTIONS.
(600 SE2d 383)

ADAMS, Judge.

This case presents two issues of first impression under OCGA § 45-1-4, the Georgia Whistle Blower Statute (the "Act"): (i) whether the Act may require a public employer to pay monetary damages, and (ii) under what circumstances the Act requires a public employer to rehire an employee.

Joseph M. Hughes sued the Georgia Department of Corrections seeking relief under the Act. Hughes was formerly employed by the Department as the pharmacy director for the Autry State Prison. According to the complaint, Hughes disclosed information to the Department and the Georgia Board of Pharmacy concerning waste and abuse in the practice and provision of pharmacy services at the prison. Hughes claimed that the Department suspended and then terminated his employment in reprisal for making the disclosures.

In response to the Department's initial motion to dismiss and motion for summary judgment, the trial court ruled that the exclusive remedy available to Hughes under the Act was to have the reprisals "set aside," but that material issues of fact remained for a jury. In a subsequent order, the trial court clarified that no monetary damages were available to Hughes under the Act. The Department again moved to dismiss, and the trial court granted the motion because the position previously held by Hughes no longer existed; no effective relief was available to Hughes under the Act; and the case was therefore moot. Hughes appeals the trial court's orders finding

that no monetary relief was available to him under the Act and dismissing his case. We affirm in part and reverse in part.

1. Hughes challenges the trial court's finding that no monetary damages are available to him under the Act. We agree with the trial court.

In pertinent part, the Act provides:

. . . .

(d) No action against any public employee shall be taken or threatened by any public employer who has authority to take, direct others to take, recommend, or approve any personnel action as a reprisal for making a complaint or disclosing information to the public employer unless the complaint was made or the information was disclosed with the knowledge that it was false or with willful disregard for its truth or falsity.

(e) Any action taken in violation of subsection (d) of this Code section shall give the public employee *a right to have such action set aside* in a proceeding instituted in the superior court.

(Emphasis supplied.) OCGA § 45-1-4.

We have not previously addressed whether monetary relief is available under the Act. As a general rule, we apply the "plain meaning" rule of statutory construction. *Pittman v. State*, 133 Ga. App. 902, 905 (1) (212 SE2d 505) (1975). However, the employee's "right to have such action set aside" is arguably ambiguous. OCGA § 45-1-4 (e). Hughes contends that back pay is a necessary element of having his termination set aside. The Department contends that a retaliatory action could be set aside without a monetary payment.

Hughes and the Department both refer us to the definition of "set aside" in Black's Law Dictionary (5th ed. 1979), p. 1230: "[t]o reverse, vacate, cancel, annul or revoke a judgment, order, etc." Consistent with that definition, our research indicates that the term "set aside" is generally applied to the cancellation of an act, such as a judicial order or wrongful foreclosure, and, in such a context, is not a monetary remedy. See, e.g., *Calhoun First Nat. Bank v. Dickens*, 264 Ga. 285-286 (1) (443 SE2d 837) (1994) (debtor could sue to set aside foreclosure or sue for damages for wrongful foreclosure, but not both); *Smith v. State*, 257 Ga. App. 468, 469 (571 SE2d 446) (2002) (appeal from dismissal of motion to set aside order). This weighs against concluding that OCGA § 45-1-4 (e) includes back pay as a remedy.

Principles of statutory construction also suggest that the legislature did not intend OCGA § 45-1-4 (e) to include monetary damages. First, payment of damages by a state agency implicates sovereign immunity. See *Dept. of Veterans Svcs. v. Robinson*, 244 Ga. App. 878, 879 (536 SE2d 617) (2000). Because OCGA § 45-1-4 (e) does not expressly provide for monetary damages, such damages are at best implied. While the state may consent to be sued "this consent can not be enlarged by implication." *Eibel v. Forrester*, 194 Ga. 439, 442 (22 SE2d 96) (1942). See also *Dept. of Human Resources v. Hutchinson*, 217 Ga. App. 70, 71 (456 SE2d 642) (1995) (conditions and limitations of statute that waives sovereign immunity must be strictly followed).

Second, "[i]t is presumed that the legislature knows and enacts statutes with reference to the existing law. . . ." (Citations and punctuation omitted.) *Chilivis v. Cleveland Elec. Co. &c.*, 142 Ga. App. 751, 753 (1) (236 SE2d 872) (1977). When the legislature enacted the Act, it had previously enacted the Fair Employment Practices Act of 1978 ("FEPA"). OCGA § 45-19-20 et seq. The purpose of the FEPA includes "the elimination of discrimination against all individuals in public employment because of such individuals' race, color, religion, national origin, sex, disability, or age." OCGA § 45-19-21 (a) (3). Conceptually, the Act and the FEPA are similar in that they are designed to protect individuals in public employment, but by enacting the FEPA the legislature specifically provided a range of remedial actions, including monetary damages such as back pay, with certain limitations.[1] OCGA § 45-19-38 (c). We doubt the legislature used different language for resolving claims by employees under the Act and under the FEPA without intending a real distinction between the remedies. Because (1) the legislature chose not to expressly allow for the recovery of monetary damages from public employers in the Act, as it chose to do in FEPA, (2) we must strictly follow the limitations of statutes waiving sovereign immunity, and (3) to "set aside" an action has been recognized as a remedy apart from monetary damages, we conclude that the legislature did not intend for an employee's right to "set aside" a retaliatory action under the Act to include a claim for monetary damages. Accordingly, we affirm the trial court's ruling that monetary damages were not available to Hughes.

---

[1] No award of back pay shall be ordered pursuant to this article with respect to any period more than two years prior to the date of the filing with the administrator of the complaint with respect to which such award of back pay is ordered. Interim earnings, unemployment benefits, workers' compensation benefits, or amounts earnable with reasonable diligence by the person or persons discriminated against shall operate to reduce the back pay otherwise allowable.
OCGA § 45-19-38 (c) (1).

2. The trial court held that setting aside the Department's alleged retaliatory conduct required reinstating Hughes to the pharmacist position he held before his termination. The trial court further determined that it could not grant effective relief to Hughes because his former position no longer existed and he had retired from the Department. Accordingly, the court dismissed the case as moot. Hughes challenges that decision.

We agree with the trial court's finding that setting aside an improper termination requires reinstatement of employment. We also agree with the trial court that if no remedy is available to Hughes under the Act, his case is moot. "An issue is moot when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." *Schoen v. Cherokee County*, 242 Ga. App. 501, 503 (2) (530 SE2d 226) (2000). We disagree, however, that the Department has shown that no remedy is available to Hughes under the facts of this case.

We first consider the standard of appellate review of the trial court's order. The trial court treated the Department's motion to dismiss as a matter in abatement. See *Terrell v. Porter*, 189 Ga. App. 778 (377 SE2d 540) (1989); OCGA § 9-11-12 (b). As the motion was based on facts outside the record, the trial court was authorized to hear the matter on affidavits as authorized by OCGA § 9-11-43. Under these circumstances, we review a trial court's findings of disputed fact under the any evidence rule. See *Huddle House v. Paragon Foods*, 263 Ga. App. 382, 383 (587 SE2d 845) (2003); *Barrow v. Gen. Motors Corp.*, 172 Ga. App. 287, 289 (322 SE2d 900) (1984) (on motion for rehearing). But where, as here, there is no dispute as to the trial court's findings of fact and the issue presented is one of law, "the issue for review [is] whether the trial court made a plain legal error." *Glover v. Ware*, 236 Ga. App. 40, 45 (3) (510 SE2d 895) (1999).

The evidence available to the trial court consisted of the affidavit of Department administrator Michael Spradlin, a copy of the Department's Standard Operating Procedure governing the provision of pharmacy services, and the affidavit of Sharon Robertson, a pharmacist at Autry State Prison. According to Spradlin, in about 1980, the Department contracted with a private medical service provider for health care services, including staffing for pharmaceutical services. The process of "privatizing" was not immediate, and the Department filled vacated state positions with employees of the private contractor "through a process of attrition." As of the date of the affidavit, the Department employed four "grandfathered" pharmacists who had been hired before the privatization program began. The other pharmacists who worked at Department institutions were employees of the Medical College of Georgia, the Department's contract provider. Spradlin averred that as the Department "had not

completely privatized its healthcare provider positions at the time it hired Mr. Hughes, Mr. Hughes was a [Department] employee throughout his tenure with [the Department]."

After Hughes left his pharmacist position at Autry State Prison, his position was converted into a contract position. In 1999, the Department reorganized its pharmacy program so that designated regional pharmacies served geographical areas. The pharmacy at Autry State Prison is now considered a regional pharmacy serving Autry State Prison and other Department facilities in the southwest Georgia region. Two pharmacists are currently employed at Autry State Prison, both of whom are employees of the Department's private service provider.

The Department claims it cannot reinstate Hughes because his old job no longer exists. The Department cites cases decided under federal law in which the court determined that reinstatement of a terminated employee was not feasible. See generally *Deloach v. Delchamps, Inc.*, 897 F2d 815, 822 (5th Cir. 1990) (reinstatement not appropriate because of antagonism between the parties). Our own research indicates that when considering reinstatement under a 42 USC § 1983 action, "a court must consider, in the exercise of its discretion, whether reinstatement is appropriate in light of all the surrounding circumstances." *Frank v. Relin*, 851 FSupp. 87, 92 (III) (W.D. N.Y. 1994). But these federal law cases were decided in the context of a range of available remedies to make the injured employee whole, including monetary consideration in lieu of reinstatement. See *Barbano v. Madison County*, 922 F2d 139, 146 (2nd Cir. 1990) (district courts should fashion remedies ensuring that victims of discrimination are made whole). Our research into Georgia law has similarly failed to identify persuasive authority. The Georgia courts have previously considered the remedy of reinstating wrongfully discharged employees, but in contexts that are not helpful to this decision. See, e.g., *Foster v. Vickery*, 202 Ga. 55 (42 SE2d 117) (1947) (reviewing decision of civil service board); *Dixon v. MARTA*, 242 Ga. App. 262 (529 SE2d 398) (2000) (reviewing collective bargaining agreement). We must rely on the language of the Act to determine its meaning.

The Act allows an employee who has been subject to an improper personnel action to have that action "set aside," which, consistent with the accepted definition of "set aside," requires the action to be vacated, cancelled, and annulled. If the improper personnel action is termination, then the employee has the right to undo the improper termination. Thus, the employee should be reemployed unless the public employer can show that the employee would have been otherwise terminated for a legitimate reason. In other words, if but for the improper termination the employee would have remained employed,

then the employee's right to set aside an improper termination requires that the employee be rehired. Applying that standard to the facts of this case, we see that Spradlin's affidavit shows that the Department still uses pharmacists in its operations. The Department employs "grandfathered" pharmacists, and Hughes was such a grandfathered pharmacist while employed by the Department. We see no reason, but for the alleged retaliatory action, that Hughes would not remain employed as a pharmacist with the Department. Based on the facts available to the trial court, we hold that, should a jury conclude that the Department violated the Act, the Department must set aside Hughes' termination, and reinstate Hughes to a pharmacy position consistent with its then current method of providing pharmacy services.

The trial court's alternate reason for finding Hughes' case to be moot was that Hughes had retired from the Department. If Hughes does not want to return to work or cannot return because he is past the applicable mandatory retirement age, then we would agree that no remedy is available to him under the Act. However, we cannot discern from the record that these conditions exist, only that Hughes has stipulated he has "retired" from the Department. Because Hughes has an available remedy under the Act his case is not moot, and the trial court erred in dismissing it on that ground.

*Judgment affirmed in part and reversed in part. Ruffin, P. J., and Eldridge, J., concur.*

DECIDED MAY 17, 2004.

*Dubberly & McGovern, B. Daniel Dubberly III,* for appellant.
*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, Bryan K. Webb, Senior Assistant Attorney General, Ralph W. Ellis, Assistant Attorney General,* for appellee.