# Court of Appeals
# of the State of Georgia

ATLANTA,  November 15, 2018

*The Court of Appeals hereby passes the following order:*

**A19A0647.  CRAIG L. JONES v. THE STATE.**

In November 2012, Craig Jones pled guilty to battery, criminal trespass, and aggravated stalking.  The trial court imposed a total sentence of ten years in prison, which the court initially suspended, but later imposed in full in March 2013, when Jones failed to comply with the conditions of the suspension.  Since then, Jones has been before this Court numerous times.[1]  As relevant to this appeal, Jones has filed at least one prior motion challenging his sentence as void, which the trial court denied in March 2016.  We dismissed Jones's ensuing appeal for failure to raise a colorable

---

[1] Following his convictions, Jones filed two direct appeals – one from the trial court's order denying his motion to modify his sentence, and another from the denial of his request for a hearing – both of which we dismissed as untimely. *Jones v. State*, No. A14A1554 (May 6, 2014); *Jones v. State*, No. A14A1556 (May 6, 2014).  We similarly dismissed as untimely Jones's application for discretionary review of the denial of his motion for minutes of a grand jury proceeding.  *Jones v. State*, No. A15D0459 (July 9, 2015).  Jones also filed an appeal from the denial of his petition for a writ of mandamus, which we transferred to the Supreme Court, *Jones v. State*, No. A14A1555 (May 5, 2014), which, in turn, dismissed the appeal, *Jones v. Hardy*, No. S14A1459 (July 31, 2014).  This Court subsequently dismissed Jones's appeals from the trial court's orders: (i) denying his motion to vacate a void judgment, *Jones v. State*, No. A17A0276 (Oct. 20, 2016); (ii) denying filing of his motion to correct the record, *Jones v. State*, No. A17A1584 (May 11, 2017); (iii) denying filing of his "Petition for Under the Hague Convention Title 18 § 1781 [sic]," *Jones v. State*, No. A18A0106 (Sept. 5, 2017); and (iv) denying his request to file a civil complaint in forma pauperis, *Jones v. Hardy*, No. A18A0832 (Jan. 24, 2018).

void-sentence claim. *Jones v. State*, No. A16A1757 (June 2, 2016). Two weeks later, Jones filed another motion to correct a void sentence. The trial court denied Jones's motion, and he filed this direct appeal. We lack jurisdiction.

"It is well established that any issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court, and that the law of the case doctrine is not confined to civil cases, but applies also to rulings made by appellate courts in criminal cases." *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) (citations and punctuation omitted). Our 2016 dismissal of Jones's appeal from the denial of his prior challenge to the legality of his sentence precludes us from revisiting the same issue in the instant appeal. See id. at 328.

Even if the law of the case did not bar this appeal, it still would be subject to dismissal for failure to state a colorable void-sentence claim. Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may modify only a void sentence. Id. A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in § 17-10-1 (f). See id. Moreover, a direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

In his latest motion to correct a void sentence, Jones raises two challenges to the validity of his convictions and also argues that his initial, suspended sentence – which included a provision banishing him from all Georgia counties but one as one of several conditions of the suspension – was based on an unidentified "unconstitutional statute." Neither of Jones's challenges to his convictions raises a colorable void-sentence claim. See *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013) ("Motions to vacate a void sentence generally are limited to claims

that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides.").  To the extent that Jones's motion could be construed as a motion to vacate his conviction, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009), and any appeal from an order denying or dismissing such a motion must be dismissed, see id. at 218 (2); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).  Finally, Jones's challenge to his suspended sentence is moot because he no longer is subject to that sentence, given the court's subsequent imposition of the full ten-year prison term.  See *Hughes v. Ga. Dept. of Corrections*, 267 Ga. App. 440, 443 (2) (600 SE2d 383) (2004) ("An issue is moot when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy.") (punctuation omitted).

For each of the above reasons, Jones is not entitled to a direct appeal in this case.  Consequently, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  11/15/2018
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



*, Clerk.*