# Court of Appeals
# of the State of Georgia

ATLANTA,  October 25, 2019

*The Court of Appeals hereby passes the following order:*

## A20D0103. DAVID WHITEMAN et al. v. STAR HOMES ENTERPRISES, LLC.

David and Ursula Whiteman seek discretionary review of the superior court's order dismissing their notice of appeal in this dispossessory action. Because the Whitemans did not have a right of direct appeal, the issue presented here is moot.

Based on the sparse application materials, it appears that Star Home Enterprises, LLC filed a dispossessory action against the Whitemans in magistrate court. After the magistrate court entered judgment and a writ of possession in favor of Star Home Enterprises, the Whitemans filed a petition for writ of certiorari in the superior court. The superior court dismissed the petition on the grounds that the Whitemans had not properly served it and had failed to appear for a scheduled hearing.

The Whitemans filed a notice of appeal indicating their wish to appeal to this Court the dismissal of their certiorari petition. The superior court, however, dismissed the notice of appeal as incomplete. The Whitemans filed a second notice of appeal, which the superior court likewise dismissed. The Whitemans then filed this application for discretionary appeal seeking review of the dismissal of their second notice of appeal.

The Whitemans argue that the superior court gave faulty reasons for dismissing the notice of appeal. Pretermitting whether the Whitemans are correct, they had no right of direct appeal from the disposition of their certiorari petition. Pursuant to OCGA § 5-6-35 (a) (1), appeals from superior court decisions reviewing lower court decisions by certiorari or de novo proceedings must be initiated by filing an application for discretionary appeal. *Bullock v. Sand*, 260 Ga. App. 874, 875 (581 SE2d 333) (2003). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak*

*v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). To appeal the dismissal of their certiorari petition, then, the Whitemans needed to file an application for discretionary review in this Court, not a notice of appeal in the superior court.

"An issue is moot when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." *Hughes v. Ga. Dept. of Corrections*, 267 Ga. App. 440, 443 (2) (600 SE2d 383) (2004) (punctuation omitted); see also *Jayko v. State*, 335 Ga. App. 684, 685 (782 SE2d 788) (2016) ("Mootness is a jurisdictional matter. When the remedy sought in litigation no longer benefits the party seeking it, the case is moot and must be dismissed.") (citation and punctuation omitted). Here, the propriety of the superior court's dismissal of the Whitemans' notices of appeal is a moot issue because the Whitemans have no right of direct appeal in this case. This application is therefore DISMISSED. See OCGA § 5-6-48 (b) (3).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  10/25/2019*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


_____ , *Clerk.*