# Court of Appeals
# of the State of Georgia

ATLANTA,  June 08, 2020

*The Court of Appeals hereby passes the following order:*

**A20A1875.  THOMAS KNOWLES v. THE STATE.**

In 2016, Thomas Knowles pled guilty to statutory rape and child molestation, and the trial court imposed a total sentence of 10 years in prison, to be followed by 25 years on probation.  We affirmed the dismissal of his motion to withdraw his guilty plea two years later.  See *Knowles v. State*, No. A18A2135 (Nov. 28, 2018).

In October 2019, Knowles filed a motion for an out-of-time appeal, which the trial court dismissed on January 14, 2020.  Knowles then filed this direct appeal on March 9, 2020.[1]  We lack jurisdiction.

A notice of appeal must be filed within 30 days of entry of the judgment or trial court order sought to be appealed.  OCGA § 5-6-38 (a).  The proper and timely filing of a notice of appeal is an absolute requirement to confer appellate jurisdiction on this Court.  *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995).  Knowles's notice of appeal was untimely filed 55 days after entry of the order he seeks to appeal.

---

[1] Knowles also sought appellate review of the dismissal of his motion for an out-of-time appeal by filing an application for discretionary review, which we dismissed as untimely.  See *Knowles v. State*, No. A20D0371 (May 26, 2020).

Consequently, we lack jurisdiction over this untimely appeal, which is hereby DISMISSED.[2]



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,__06/08/2020_____
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.

---

[2] To the extent that Knowles seeks to appeal the trial court's February 18, 2020 order addressing his motion to compel a ruling on his motion for an out-of-time appeal, no appeal lies from that order, as the dismissal of Knowles's motion for an out-of-time appeal rendered his motion to compel moot. See *Hughes v. Ga. Dept. of Corrections*, 267 Ga. App. 440, 443 (2) (600 SE2d 383) (2004) ("An issue is moot when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy.") (punctuation omitted); see also *Jayko v. State*, 335 Ga. App. 684, 685 (782 SE2d 788) (2016) ("Mootness is a jurisdictional matter. When the remedy sought in litigation no longer benefits the party seeking it, the case is moot and must be dismissed.") (citation and punctuation omitted).