# Court of Appeals
# of the State of Georgia

ATLANTA,  April 26, 2021

*The Court of Appeals hereby passes the following order:*

## A21A1254. PHILLIPS v. PHILLIPS.

In 2020, appellant Natalie Duckworth Phillips filed a complaint for divorce against Matthew Thomas Phillips. She also requested primary physical custody of the parties' three children. Prior to the initial hearing, appellant filed a motion in limine, seeking to excluding recordings made of her and the children without her knowledge or consent. The trial court granted temporary custody to both parties jointly, stating that it relied on the recordings in making its custody determination. Shortly thereafter, the trial court issued a new order prohibiting contact between the appellant and the children due to a pending criminal matter "until further order of th[e] court."

Appellant now appeals from the initial temporary custody order and the denial of her motion in limine to exclude the recordings. Appellee has filed a motion to dismiss the appeal, arguing that appellant was required to file a discretionary application to pursue this appeal. For the reasons that follow, we dismiss the appeal.

The initial temporary order from which appellant seeks to appeal was later modified by the trial court's subsequent no contact order against appellant. Thus, any challenge to the initial temporary custody order is moot. See *Delgado v. Combs*, 314 Ga. App. 419, 425 (1) (724 SE2d 436) (2012). The only other issue raised on appeal concerns the denial of a motion in limine seeking to exclude the recordings. Because the trial court relied on the recordings in making its decision on temporary custody, appellant would be authorized to bring a direct appeal from that order to the extent

that she is entitled to appeal the initial temporary custody order. *Landry v. Walsh*, 342 Ga. App. 283, 284 (1) n. 1 (801 SE2d 553) (2017); see also OCGA § 5-6-34 (a) (11). But the trial court's subsequent no contact order was based on the pending criminal matter, and not on the recorded evidence. Therefore, any appeal from the denial of the motion in limine is moot while the no contact order remains in place. Accordingly, we DISMISS this appeal. See OCGA § 5-6-48 (b) (3); *Hughes v. Ga. Dept. of Corrections*, 267 Ga. App. 440, 443 (2) (600 SE2d 383) (2004) ("An issue is moot when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy.") (citation and punctuation omitted); see also *Jayko v. State*, 335 Ga. App. 684, 685 (782 SE2d 788) (2016) ("Mootness is a jurisdictional matter. When the remedy sought in litigation no longer benefits the party seeking it, the case is moot and must be dismissed.") (citation and punctuation omitted).



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* __04/26/2021__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*